**U.S. Department of Justice**

Civil Division

TWH:MPL:JDW:ger
39-11-15221.01

202-616-5573

_Washington, D.C. 20530_

October 30, 2006

**FEDERAL EXPRESS**

Holly Cooper, Esq.
U.C. Davis Law School
Civil Rights Clinic
One Shields Ave., TB 30
Davis, CA 95616-8821

Re: Ana Beatriz Biocini v. Gonzales, No. 06-74408

Dear Ms. Cooper:

Enclosed is a copy of the Certified Administrative Record of Proceedings filed in the above-referenced case. The Executive Office of Immigration Review (EOIR) will be filing a copy of this record on CD-Rom with the Ninth Circuit Court of Appeals.

Please serve this office at the address listed below with two copies of any brief and one copy of any other papers you file with the court in this case. We will accept such service as fully satisfying all of the requirements of service on the Government so long as this case is within the jurisdiction of the Court of Appeals.

Sincerely,

THOMAS W. HUSSEY
Director
Office of Immigration Litigation

By: _Gloria E. Rosado_

Gloria E. Rosado
Legal Assistant
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 616-5573

cc w/o Enclosure:
Honorable Cathy A. Catterson, Clerk
United States Court of Appeals
for the Ninth Circuit

## CERTIFICATE OF SERVICE

I certify that on **this 30th day of October 2006**, one copy of the *Certified*

*Administrative Record* was served on petitioner's counsel by Federal Express to:

Holly Cooper, Esq.
U.C. Davis Law School
Civil Rights Clinic
One Shields Ave., TB 30
Davis, CA 95616-8821


GLORIA E. ROSADO
Legal Assistant
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C.  20044
(202) 616-5573

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

No. 06-74408

| | | |
|---|---|---|
| ANA BEATRIZ BIOCINI, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Petition for Review |
| | ) | of an Immigration Matter |
| GONZALES, | ) | |
| | ) | |
| Respondent. | ) | |

CERTIFIED ADMINISTRATIVE RECORD

A91-182-333

INDEX

RECORD FILE - REMOVAL PROCEEDINGS

ANA BEATRIZ BIOCINI

A91-182-333

Page

Decision of the Board of Immigration Appeals,
    August 31, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Pre-BIA Decision Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Notice of Appeal to the Board of Immigration Appeals,
    May 15, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

Notice of Entry of Appearance as Attorney or Representative,
    May 15, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

Post-Immigration Judge Decision Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67

Decision of the Immigration Judge,
    April 13, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 96

Transcript of Hearing,
    May 169, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 104

Transcript of Hearing,
    December 19, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 116

Transcript of Hearing,
    February 15, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 200

Exhibit 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 222

Exhibit 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 240

Exhibit 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 248

Exhibit 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 288

Pre-Immigration Judge Decision Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 925

Decision of the Board of Immigration Appeals,
    August 21, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 939

Pre-BIA Decision Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 941

Notice of Appeal to the Board of Immigration Appeals,
    June 7, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 967

Notice of Entry of Appearance as Attorney or Representative,
    June 7, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 971

Post-Immigration Judge Decision Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 973

Order,
    May 9, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 974

Post-Immigration Judge Decision Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 975

Decision of the Immigration Judge,
    March 23, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 979

Exhibit 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 986

Exhibit 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1123

Exhibit 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1240

Pre-Immigration Judge Decision Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1420

Exhibit 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1465



**U.S. Department of Justice**

Executive Office for Immigration Review

*Office of General Counsel*

5107 Leesburg Pike, Suite 2400
Falls Church, Virginia 22041

Re:    ANA BEATRIZ BIOCINI

A91-182-333

I, Eva Taylor, declare as follows:

1.      I am employed as a Government Contractor by the Executive Office for the Immigration Review

of the United States Department of Justice.   I am authorized to certify the authenticity of copies

of documents on file in the Office of the Immigration Judge, San Francisco, California.

2.      The attached documents are true, correct and complete copies of the documents included in the

Record of Proceeding to date, maintained in the above office on this case.

Pursuant to 28 USC 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed by:_____ on:_____
                        (signature)                                                                    (date)

**U.S. Department of Just**

Executive Office for Immigr.ion Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**Cooper, Holly, Esquire**                    **Office of the District Counsel/SFR**
**One Shields Ave., TB 30**                    **P.O. Box 26449**
**Davis, CA 95616-8821**                       **San Francisco, CA 94126-6449**


**Name: *F-BIOCINI, ANA BEATRIZ**                    A91-182-333


                                        <u>D</u>ate of this notice: 08/31/2006

Enclosed is a copy of the Board's decision and order in the above-referenced case.

                        Sincerely,

                        *Donna Carr*

                        Donna Carr
                        Acting Chief Clerk


Enclosure


Panel Members:
    PAULEY, ROGER

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A91 182 333 - San Francisco

Date:  AUG 3 1 2006

In re:  ANA BEATRIZ BIOCINI a.k.a. Ana Racines Jaramillo a.k.a. Ana Jaramillo de Rivera

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Holly Cooper, Esquire

CHARGE:

Notice:  Sec.    237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
Convicted of aggravated felony (as defined in 101(a)(43)(B))

Sec.    237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
Convicted of aggravated felony (as defined in 101(a)(43)(U))

APPLICATION:  Withholding of Removal; relief under the Convention Against Torture

ORDER:

PER CURIAM. The respondent appeals from an Immigration Judge's April 13, 2006, decision pretermitting her application for withholding of removal and denying her applications for withholding and deferral of removal under the Convention Against Torture ("CAT"). While the appeal was pending, the respondent also filed an appeal of the Immigration Judge's May 9, 2006, denial of her motion to reconsider. Both appeals will be dismissed.

We agree with the Immigration Judge that the respondent's conviction for conspiracy to distribute cocaine is a particularly serious crime under *Matter of Y-L-, A-G-, R-S-R-*, 23 I&N Dec. 270 (A.G. 2002). In *Matter of Y-L-, supra*, the Attorney General found that "aggravated felonies involving unlawful trafficking in controlled substances presumptively constitute 'particularly serious crimes.'" *Id.* at 274. Although the Attorney General stated that in "very rare cases," an alien might demonstrate "extraordinary and compelling circumstances that justify" an exception, such an exception would, at a minimum, involve a very small quantity of controlled substance, a very modest amount of money paid, only peripheral involvement by the alien, and no adverse effect on juveniles. *This is not such a case. Id.* at 276. The Attorney General's opinion obviously contemplated an alien with truly minimal involvement in illicit drug trafficking, not a situation where, as here, an alien had a key role in a conspiracy to distribute between 5 and 15 kilograms of cocaine (Exhs. C-4 and C-5).

A91 182 333

In addition, we affirm the Immigration Judge's finding that the respondent has failed to establish that it is more likely than not that she will be tortured if returned to Colombia. *See* 8 C.F.R §§ 1208.17(a), 1208.18. As the Immigration Judge noted, after her conviction, the respondent was on supervised release in California for 8 years and was never threatened because she had been a government informant nor contacted by anyone associated with the drug cartels in Colombia (Tr. at 76-79). The respondent alleges that a drug dealer named "Gordo" returned to Colombia and told people in Cali that she had been an informant and that Gordo was subsequently murdered (Tr. at 45-46). The respondent, however, has provided only second-hand information that Gordo informed some unidentified people that she was an informant, and she has no idea who killed Gordo or why he was killed (Tr. at 45-47; Exh. A-1). The respondent is uncertain as to the whereabouts of "the Greek" and Felix Bernal, 2 drug dealers with whom she was previously associated and claims to fear (Tr. at 75, 81-82). Further, as the sentencing judge in her criminal case noted, the respondent waited to cooperate with the government until most of her co-defendants had already pled guilty and her assistance was less valuable because of the passage of time (Exh. C-4 at 15, 22). There is simply no evidence that the respondent's assistance to the U.S. government was so substantial as to attract the attention of members of the drug cartels in Colombia.

Finally, as the Immigration Judge noted, the respondent has not met her burden of showing that she would be tortured by or with the acquiescence of a public official in Colombia. To qualify for deferral of removal, the respondent must prove that harm would be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. *See* 8 C.F.R. § 1208.18(a)(1); *Zheng v. Ashcroft*, 332 F.3d 1186 (9th Cir. 2003). The respondent's speculation, without more, that unspecified drug dealers could cause her harm in Colombia, by or with the consent or acquiescence of the government, does not establish that the respondent would more likely than not be tortured upon her return to Colombia. *See Matter of M-B-A-*, 23 I&N Dec. 474, 479-80 (BIA 2002). As the Immigration Judge noted, the Colombian government is actively engaged in combating drug traffickers and narco-terrorism, and while this battle is very difficult and not always successful, the government certainly is not acquiescing in their activities. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005) (stating that an alien must prove that the government is aware of a third party's tortuous activity and does nothing to intervene to prevent it). The evidence of record simply is insufficient to sustain the high burden applicable to relief under the Convention Against Torture. Accordingly, the respondent's appeals are dismissed.

FOR THE BOARD

2



HOLLY COOPER, Esq.
UC Davis Immigration Clinic
One Shields Ave., TB-30
Davis, California 95616
Tel. (530)-754-4833

Counsel for Respondent

# UNITED STATES DEPARTMENT OF JUSTICE
# EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
# BOARD OF IMMIGRATION APPEALS
# FALLS CHURCH, VA

In the Matter of:                              File No. A 091-182-333

Ana BIOCINI,                                   **RESPONDENT'S MOTION FOR**
                                               **LATE FILING**

Respondent,

In Removal Proceedings.                        Brief Deadline: 7/18/2006
_____/

### RESPONDENT'S MOTION FOR LATE FILING

Respondent, through undersigned counsel, hereby requests permission to file her brief on appeal one day late. Respondent's brief was sent out on Sunday, July 16, 2006 and picked up on Monday, July 17, 2006, to be delivered to the BIA by the July 18, 2006 deadline. However, due to unforeseeable bad weather, Fed Ex was unable to make the overnight delivery. *See* Ex. A (Fed Ex letter explaining delay due to the weather). Consequently, respondent's appellate brief arrived at the BIA on July 19 rather than July 18, 2006. In the interest of justice and fairness and to safeguard Respondent's right to representation, we pray that the motion is granted.

Dated: July 21, 2006

                                               Respectfully Submitted,

                                               Holly Cooper, Esq.

_____
*Respondent's Motion for Late Filing*
*In the Matter of Biocini, A91-182-333*



07/21 '06    7 NO.724 01/01

3875 Airways Boulevard        Telephone 800.463.3339
Memphis, TN 38116-4634        Fax 901.332.8283

**FedEx.**

Via Facsimile 530-752-0822

July 21, 2006

Ms. Laura Hernandez
UC Davis School of Law
Immigration Clinic
Davis, CA 95616

Dear Ms. Hernandez:

I am writing in reference to your July 17, 2006 shipment to the Board Immigration Appeals that traveled on package tracking number 709674600550.

According to our records, delivery of this shipment was scheduled on July 18. Unfortunately, due to unanticipated operational problems, the package was delayed in arriving to the destination terminal. Consequently, the final delivery was completed the following business day, Wednesday, July 19 at 1007 AM, and signed for by "W. Abraham".

Ms. Hernandez, on behalf of FedEx, I sincerely apologize for the problems with this shipment and certainly regret any inconvenience you sustained. We trust that your recipient understands that the delay was in no way attributed to your on-time efforts.

Meanwhile, we want you to know that we value your patronage and certainly do not expect payment for unsatisfactory services rendered. Therefore, arrangements have been made to delete the shipping charges for this shipment.

We look forward to our continued business association and are available should you require further assistance.

Sincerely,

*Eric B. Payne*

Eric B. Payne
Customer Correspondent
Customer Relations Department

ebp/doc263354



In the Matter of Biocini, A91-182-333

## CERTIFICATE OF SERVICE

On July 20, 2006, I served the following document(s): Respondent's Motion for Late Filing upon the parties in said action by placing a true and correct copy in a sealed envelope and each envelope addressed as follows:



**USICE Office of the District Counsel**
**550 Kearney Street, Ste. 1000**
**San Francisco, CA 94108**

___ **By Facsimile Machine (FAX).** By personally transmitting a true and correct copy thereof via an electronic facsimile machine during regular business hours.

___ **By Mail.** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service and that this document, with postage fully prepared, will be deposited with the United States Postal Service this date in the ordinary course of business.

___ **By Certified Mail.** I am readily familiar with the business practice for collection and processing of correspondence for certified mailing with the United States Postal Service and that this document with postage fully prepaid, will be deposited with the United States Postal Service on this date in the ordinary course of business.

___ **By Overnight/Express Mail.** I am familiar with the business practice for the collection and processing of Overnight/Express Mail with the United States Postal Service and/or Overnight service provider. Such correspondence will be deposited with the facility regularly maintained by the United States Postal Service for receipt of express mail or other overnight service providers/entities (i.e., Federal Express, United States Parcel Service, etc.). For receipt of Overnight Mail on the same day in the ordinary course of business.

___ **By Personal Service.** By personally delivering a true copy thereof to the office of the addressee above.

I declare under penalty of perjury that the foregoing is true and correct. Executed On July 20, 2006, in Davis, CA.

Holly Cooper, Esq.
Counsel for the Respondent

*Respondent's Motion for Late Filing*
*In the Matter of Biocini, A91-182-333*



PLESE FOLD THIS SHIPPING DOCUMENT IN HALF AND PLACE IT IN A WAYBILL POUCH AFFIXED TO YOUR SHIPMENT SO THAT THE BAR-CODE PORTION OF THE LABEL CAN BE READ AND SCANNED. ***WARNING: USE ONLY THE PRINTED ORIGINAL LABEL FOR SHIPPING. USING A PHOTOCOPY OF THIS LABEL FOR SHIPPING PURPOSES IS FRAUDULENT AND COULD RESULT IN ADDITIONAL BILLING CHARGES, ALONG WITH THE CANCELLATION OF YOUR FEDEX ACCOUNT NUMBER.

FedEx
Express

From: Organ D. SMIFA   (530) 792 8942
Laura A. Hernandez
UC Davis Law School
Immigration Law Clinic
One Sheilds Ave
Davis, CA 95616

Ship Date: 24JUL06
Actual Wgt: 1 LB
System# 1067/FXRS0722
Account# S *******

REF: P3C22300P

Delivery Address Bar Code

SHIP TO:   (703) 605 1007          BILL SENDER

**Dept of Justice**
**Board of Immigration Appeals**
**PO Box 8530**

**Falls Church, VA 22041**

STANDARD OVERNIGHT                    TUE
                                 Deliver By:
TRK# 7096 7460 4625        FORM  25JUL06
                           0201
22041    -VA-US                  IAD    A2

XC LVLA



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Christopher J. Todd
1 Shields Avenue, TB-30
Davis, CA 95616

Office of the District Counsel/SFR
P.O. Box 26449
San Francisco, CA 94126

Name: *F-BIOCINI, ANA BEATRIZ                     A91-182-333

Type of Proceeding: Removal                      Date of this notice: 06/26/2006

Type of Appeal: Case Appeal                      Appeal filed by:  Alien

Date of Appeal:  05/15/2006

### NOTICE – BRIEFING EXTENSION REQUEST GRANTED

Alien's <u>original</u> due date: 06/27/2006            DHS' <u>original</u> due date: 06/27/2006

o      The request by the alien for an additional amount of time to submit a brief, which
       was received on  06/23/2006, is GRANTED.

o      The alien's brief must be **received** at the Board of Immigration Appeals on or before
       07/18/2006.

o      The DHS' brief must be **received** at the Board of Immigration Appeals on or before
       07/18/2006.

<u>**PLEASE NOTE**</u>

       **WARNING:**   If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a
brief or statement, you are expected to file a brief or statement in support of your appeal.  If you fail
to file the brief or statement within the time set for filing, the Board may summarily dismiss your
appeal.  *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

       <u>The Board generally does not grant extensions for more than 21 days</u>.  Each party's current
due date is stated above.

       <u>The Board rarely grants more than one briefing extension to each party</u>.  Therefo...

91-182-333

have been granted an extension, you should assume that you will not be granted any further extensions.

If you file your brief late, you must file it along with a motion for consideration of your late-filed brief. There is no fee for such a motion. The motion must set forth in detail the reasons that prevented you from filing your brief on time. You should support the motion with affidavits, declarations, or other evidence. Only one such motion will be considered by the Board.

## FILING INSTRUCTIONS

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice. Please attach one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for records. Thank you for your cooperation.**

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If you have any questions about how to file something at the Board, you should review
the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents.  If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above.  Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:
Board of Immigration Appeals,
Clerk's Office,
5107 Leesburg Pike, Suite 2000,
Falls Church, VA 22041

Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:
Board of Immigration Appeals
Clerk's Office
P.O. Box 8530
Falls Church, VA  22041.

000010



# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## BOARD OF IMMIGRATION APPEALS
## FALLS CHURCH, VA

In the Matter of:

Ana BIOCINI
File No. A 91-182-333

Respondent,

In Removal Proceedings

## RESPONDENT'S OPENING BRIEF ON APPEAL

Brief Deadline: 7/18/2006

HOLLY COOPER, Esq.
Immigration Law Clinic- UC Davis School of Law
One Shields Ave.  TB-30
Davis, CA  95616
Tel.- (530)754-4833

Counsel for Respondent

000011

**Table of Contents**

Introduction ................................................................. 1

Issue ......................................................................... 3

Factual History .............................................................. 3

    I.  Ms. Biocini's Immigration and Criminal History ................. 3
    II. Ms. Biocini's Cooperation and Role as an Informant
        with the U.S. Government ..................................... 4
    III.   Ms. Biocini's Contact with Powerful Members of the Drug
          Cartel           .............................................. 5
          A. Elias Giannapolous- "The Greek" ........................ 5
          B. Felix Bernal Fernandez- "Bernal" ...................... 6
    IV. Drug Cartels are Aware of Ms. Biocini's Disloyalty
        and Status as an Informant ...................... 7
    V.     Ms. Biocini's Life Since her Arrest ........................ 7
    VI.   The Colombian government participates in drug trafficking
          and is acutely aware of assassinations of disloyal
          cartel members and fails to protect informants........ 8

Argument         .............................................. 9
    I.     Ms. Biociniwill be assassinated by Colombian drug
          cartels for providing U.S. enforcement agencies
          detailed information about transnational cocaine
          trafficking schemes. ...................................... 9

        a. Ms. Biocini's publicized status as a U.S. informant who
           provided detailed accounts of various drug operations
           and key figures in the industry puts her life in immediate
           danger in Colombia       ................................... 10
        b. Ms. Biocini's instrumental role in securing the plea
           agreement of drug dealer, Noberto Duarte, demonstrates
           to the cartels that she is disloyal, placing her life in
           imminent danger in Colombia. ......................... 11
        c. Cartels assassinated a similarly-situated drug informant,
           Gordo, a U.S. informant who was subsequently executed
           in broad daylight after his removal to Colombia. ......... 13

    II.    The Colombian Government is Aware of Assassination
          of Informants and Fails to Protect such Informants. ......... 14

        a.   Human Rights reports uniformly denounce human
           rights conditions in Colombia. ......................... 14
        b.   No safe place exists in Colombia for Ms. Biocini due to

000012

the widespread reach of drug cartels and the corruption
and the policy of impunity for human rights violations
of the Colombian government.................................    16

c.  The IJ incorrectly compared Ms. Biocini's situation with
Professor Nagle's                 .............................    16

d.  The IJ overlooked Professor Lowell's Gustafson's
Critical Testimony that Informants are
Assassinated in Colombia          ....................    17

III.    Conspiracy to Distribute Cocaine Constitutes only
Peripheral Involvement and Fails to Meet the
Y-L Standard                 ........................    18

Conclusion        ..................................................................    20

ii

000013



HOLLY COOPER, Esq.
UNIVERSITY OF CALIFORNIA, DAVIS
SCHOOL OF LAW
KING HALL IMMIGRANT DETENTION PROGRAM
One Shields Ave.  TB-30
Davis, CA  95616
Tel: (530)754-4833

Counsel for Respondent

Assisted by Law Student, Tanya Beserra


## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## BOARD OF IMMIGRATION APPEALS
## FALLS CHURCH, VA


| | | |
|---|---|---|
| In the Matter of: | ) | File No. A91-182-333 |
| | ) | |
| BIOCINI, Ana | ) | **RESPONDENT'S OPENING** |
| | ) | **BRIEF ON APPEAL** |
| | ) | |
| Respondent, | ) | |
| | ) | |
| In Removal Proceedings. | ) | Brief Deadline:  7/18/2006 |
| | ) | |


### RESPONDENT'S OPENING BRIEF ON APPEAL


### Introduction


The Respondent, Ana Biocini ("Ms. Biocini") is a native and citizen of Colombia

who first entered the United States in 1981 and was admitted as a lawful permanent

resident in 1989.  IJ Decision at 1.  On April 28, 2003, Ms. Biocini was convicted of

000014



violating U.S.C. § 846, Conspiracy to Distribute Cocaine. The Department of Homeland Security ("DHS") initiated proceedings against Ms. Biocini on January 28, 2005, by filing a Notice to Appear ("NTA") with the Court. Exhibit 1; IJ Decision at 1. The NTA found Ms. Biocini removable under Section 237 (a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") as an alien convicted of an aggravated felony drug trafficking offense. *Id.*

On May 16, 2005, Ms. Biocini submitted an application for asylum and withholding of removal and deferral of removal under the Convention Against Torture.

The Immigration Judge ("IJ") denied all applications and designated Colombia as the country of removal. IJ Decision at 8. Ms. Biocini now appeals the judge's decision contending the judge committed legal and factual errors as to whether she would be killed in Colombia for serving as a U.S. informant against drug cartels in Colombia and whether the Colombian government is aware of such brutal retaliation and fails to protect informants.

Ms. Biocini, through counsel, contends that the IJ erred in finding she will not face torture or death upon returning to Colombia. IJ Decision at 7. Ms. Biocini has openly informed against transnational drug trafficking schemes between the U.S. and Colombia. Her testimony was used to successfully prosecute a fellow Colombian drug trafficker. More importantly, her status as an informant is openly known in Colombia and she has no offer of protection from the Colombian government. Expert testimony validates Ms. Biocini's fear of assassination and describes drug cartels as infamous for punishing disloyalty with murder. Moreover, a similarly situated drug informant known to Ms. Biocini in the same cartel was murdered for his disloyalty.

2

A91-182-333

The Colombian government is aware of reprisals by drug cartels and fails to protect the vulnerable group. The current Colombian government continues to foster ties with paramilitary groups and drug cartels and is essentially immune from prosecution for their role in the cartel schemes . *See* Ex. D-1, D-4, D-6. The Colombian government not only turns a blind eye to torture committed by paramilitary and security officers, but has a reputation for inefficient, corrupt and bureaucratic management. *See* Ex. D-6 at 23.

Finally, the IJ erred in finding Ms. Biocini ineligible for restriction on removal because her crime of conspiracy fails to meet the elements set forth in *Matter of Y-L-*.

### Issues Presented

1. Whether the IJ erred in denying deferral of removal under the Convention Against Torture, when Ms. Biocini acted as a U.S. informant against Colombian drug cartels and her status as an informant is known in Colombia?

2. Whether the Colombia government is aware of brutal drug cartel retaliation against disloyal informants and fails to protect such informants from assassination?

3. Whether the IJ erred in finding Ms. Biocini ineligible for restriction on removal when he found her conviction for conspiracy to distribute cocaine met the standard under *Matter of Y-L*?

### Factual History

### I. Ms. Biocini's Immigration and Criminal History

Ana Beatriz Biocini arrived in Miami, Florida on February 11, 1981 as a nonimmigrant visitor, living in Miami for many years before moving to California. IJ

A91-182-333

000016

Decision at 2.  On May 23, 1987, she became a Lawful Temporary Resident and later a Lawful Permanent Resident on May 1, 1989.  IJ Decision at 1.

Ms. Biocini was arrested on May 5, 1995.  IJ Decision at 2.  She pleaded guilty to one count of conspiracy to distribute cocaine with the intent to sell on June 6, 1998.  *Id.* This was her first and only felony conviction.  *Id.* From May 24, 1995 to January 16, 2004, Ms. Biocini was on supervised release, and on January 16, 2004, she began her 30-month long sentence at the Federal Correctional Institute in Dublin, California.  *Id.* She is presently at the Lerdo Pre-Trial Facility in Bakersfield, CA, in immigration custody awaiting the outcome of her appeal.

After her arrest, Ms. Biocini accepted a plea agreement even though she was afraid of debriefing FBI agents about Colombian cocaine suppliers.  IJ Decision at 2.  In exchange for her cooperation, the U.S. Attorney told Ms. Biocini that special visas would be issued to keep her and her family in the United States.  Ms. Biocini later realized, however, that the plea agreement failed to mention the special visas that had been promised.  Years later, the U.S. Attorney denied Ms. Biocini's request for an "S" visa. *See* Ex. A-1 and C-2.

**II.    Ms. Biocini's Cooperation and Role as an Informant with the U.S. Government**

Ms. Biocini became a U.S. informant and assisted the U.S. government in obtaining substantial information about Colombian cocaine trafficking.  She provided information about political officials with ties to Miguel and Gilberto Rodriguez-Orejuela, founders of the Cali cartel, and to other cocaine suppliers linked to the Cali and Medellin cartels. *See* Ex. C-2.  Ms. Biocini also assisted the FBI by providing them with over forty names, numbers, and addresses of individuals connected to the cocaine business in

000017



Colombia. *See* Ex. A-2 through A-4 and E-2 through E-6 and IJ Decision at 2. She reviewed recorded telephone conversations and continued to debrief the government from 1998- 2001. *See* C-2.

The U.S. Attorney General asked Ms. Biocini to testify against Noberto Duarte. She twice prepared to testify for the government against him on charges of conspiracy to distribute cocaine. As a result, Ms. Biocini was instrumental in Noberto Duarte's decision to accept a plea agreement. Agents conceded that Ms. Biocini's willingness to testify spurred Mr. Duarte decision to cooperate with the FBI. *Id.*

Ms. Biocini additionally volunteered to work for the FBI and negotiate a deal with a local narcotics dealer named Joe tied to a Colombian supplier as a part of a set-up. Despite Ms. Biocini's fear of reprisal by Colombian drug dealers, she agreed to help the government, sacrificing her personal safety. *Id.*

### III.  Ms. Biocini's Contact with Powerful Members of the Drug Cartel

Ms. Biocini acted as a U.S. informant and has close ties to three key players in the narco-trafficking industry. Tr. At 23, 26, 83. Ms. Biocini had relationships with Elias Giannakapolous ("The Greek"), Felix Bernal Fernandez ("Bernal") and Hernando Velazco ("Gordo"), each of whom were intimately involved in the cocaine business and had connections with agents of the drug cartels. Ms. Biocini provided the FBI with extensive information about all three of these powerful players.

### A.  Elias Giannakapolous- "The Greek"

Ms. Biocini met the Greek in 1985, became familiar with his operations, and assisted him with drug transactions by meeting and escorting clients. Tr. at 51, 53. The Greek bought and sold more than thirty kilograms of cocaine a week at times in his two

000018

principal places of operation: one on Miami and the other in California. Tr. at 53. He

would transport cocaine from Miami to California in coat hangers that he fashioned.

These hangers were covered with clothes and placed on carry-on luggage. Ms. Biocini

was not only aware of this process, but she also saw large suitcases of cocaine and vast

quantities of cash. Tr. at 54. The fact that The Greek was able to obtain such large

quantities of cocaine indicates the extent of his involvement with the Colombian cartels,

who supplied him with bulk quantities of cocaine. Ms. Biocini testified that he was a

very powerful man who had direct ties to Colombian drug cartels. Tr. at 55. She fears

him because of his ties to the cartels. *Id.*

## B. Felix Bernal Fernandez- "Bernal"

Ms. Biocini also provided the FBI with information on her ex-boyfriend, Felix

Bernal Fernandez ("Bernal"). The two met in 1993 and developed a personal relationship

in 1994, during which Bernal propositioned Ms. Biocini for cocaine. Tr. at 57- 59, 74.

She told him she was not interested in the cocaine business, but Bernal persisted to

inform her of some of his drug transactions and invite her to become involved. Tr. at 58,

74.

Ms. Biocini fears Bernal because of his violent temper, ties to mutual

acquaintances in Colombia, and knowledge of her and her family. Tr. at 24, 63. Bernal

not only had Ms. Biocini's contact information, but knew of several of her friends in

Colombia. He also was immediately aware of her arrest, leading Ms. Biocini to believe

that he had been trying to frame her from the beginning. Bernal had also told Ms. Biocini

that he would kill anyone whom he knew to be a U.S. informant. Tr. at 61.

6                                                  A91-182-333

### IV.   Drug Cartels Are Aware of Ms. Biocini's Disloyalty and Status as An Informant

Gordo, who worked as an informant for the U.S. government after his arrest, was assassinated after his removal to Colombia. He had met Ms. Biocini in the 1970's in Cali through mutual friends. Tr. At 27- 28. The two did not become well-acquainted until Gordo came to the U.S. in 1994 and sought out Ms. Biocini. Tr. At 29. He asked her to assist him in an operation involving the transport of forty kilograms of cocaine or more a week from California to New York. While she refused his proposition, he continued to approach her with other business propositions, such as property investment, that Ms. Biocini discovered were a sham. Tr. at 35.

After the FBI arrested Gordo, he agreed to testify against Ms. Biocini as a part of his plea agreement, providing the FBI with false and misleading information about her and her family. Tr. at 43. Some time later, Gordo was removed to Colombia. Tr. at 44. There, he discussed Ms. Biocini's arrest and cooperation against drug cartels with others in Cali. *Id.* In the summer of 2004, Gordo was shot and killed by armed assassins in the middle of the afternoon in Cali. Tr. at 45. Ms. Biocini believes he was killed because of his role as a U.S. informant. Tr. at 47. Ms. Biocini fears she will suffer the same fate if she is removed to Colombia. Tr. at 84.

### V.   Ms. Biocini's Life Since Her Arrest

While Ms. Biocini was on supervised release, she worked and took classes to improve her job prospects and become a contributing member of society. She completed a certificate for Computerized Accounting in 1999 and took courses in Web Design, Networking Essentials, Stock and Bond Investment, Fashion Industry Marketing, and Payroll and Business Taxes at Cañada College in Redwood City, California to further her

7                              A91-182-333

000020

career. In 2002, Ms. Biocini completed a certificate in Integrated Circuit Mask Design at Silicon Valley. In 2003, she secured a position as Junior Accountant for Pacific Graduate School of Psychology. *See* Ex. G-5 and G-6. Ms. Biocini is a 52-year old mother of an 18-year old boy who poses no threat to society. She would like to work hard, contribute to society and take an active role in her son's life.

### VI. The Colombian Government Participates in Drug Trafficking And Is Acutely Aware of Assassinations of Disloyal Cartel Members And Fails To Protect Informants

After more than forty years, Colombia continues to suffer from internal armed conflict between government forces and terrorist groups. *See* Ex. D-3 at 12. The country remains one of the primary producers of cocaine consumed in the U.S. *See* Ex. D-9. In addition, the boundaries between the Colombian government, terrorist groups, and drug cartels have become indistinguishable. *See* Ex. D-6.

There are three major terrorist groups, Colombian Revolutionary Armed Forces (FARC), the National Liberation Army (ELN), and the United Self-Defense Forces of Colombia (AUC) , who violate domestic and international humanitarian laws by committing unlawful killings, kidnapping civilians and military personnel, torturing captives, displacing populations, and recruiting child civilian soldiers. *See* Ex. D-3 at 13. In addition, the present Colombian government of Alvaro Uribe is said to be initiating legislation to grant impunity for members of the various paramilitary groups, armed forces, or guerillas who have committed atrocities such as war crimes or crimes against humanity. *See* Ex. D-2. According to the U.S. Department of State's *Country Reports on Human Rights Practice 2004*, impunity remained the core of the country's human right's problem in Colombia. *See* D-3 at 1.

8                                    A91-182-333

These terrorist groups have also become involved in drug production and trafficking activities for money. Each of the major terrorist groups competes for control of key coca cultivation areas "and their involvement in narcotics is a major source of violence and terrorism in Colombia." *See* Ex. D-4 at 15. As a result, the terrorist groups and drug cartels are no longer two separate groups with separate interests, but rather ones with a symbiotic relationship. "Drug mafia bosses have referred to paramilitary militia forces for security, assassination and terrorist services. Over the years, drug mafia bosses have become more and more involved with the paramilitaries to the point where, in some cases, there is no difference between a Colombian drug boss and a Colombian paramilitary commander." *See* Ex. D-6 at 18-19.

## ARGUMENT

**I.      MS. BIOCINI WILL BE ASSASSINATED BY COLOMBIAN DRUG CARTELS FOR PROVIDING U.S. ENFORCEMENT AGENCIES DETAILED INFORMATION ABOUT TRANS-NATIONAL COCAINE TRAFFICKING SCHEMES**

Under Article 3 of the Convention Against Torture, it is forbidden to remove an individual to a country if "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Ms. Biocini carries the burden of proof by presenting "evidence establishing 'substantial grounds for believing that she would be in danger of being subjected to torture in the country of removal." *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001). This standard does not require "clear and convincing" evidence or "beyond a reasonable doubt," but rather a 51% chance of being tortured. *In re J-E*, 23 I & N Dec. 291 (BIA 2002) (Rosenburg, J.

9                          A91-182-333

and Espenoza, J., dissenting) (referencing *Matter of Patel,* 19 I & N Dec. 774, 783 (BIA 1988); *Khup v. Ashcroft,* 376 F. 3d 898, 908 (9th Cir. 2004); IJ Decision at 5.  Credible testimony can be sufficient to sustain the applicant's burden of proof regarding the likelihood of torture. *Id.* at 302.

### A. Ms. Biocini's Publicized Status as a U.S. Informant Who Provided Detailed Accounts of Various Drug Operations and Key Figures in the Industry Puts Her Life in Immediate Danger in Colombia.

Ms. Biocini is a known government informant who will more than likely be tortured or killed if she is removed to Colombia.  According to her testimony, Ms. Biocini indicated that Gordo made her cooperation with the U.S. government known to many people in Colombia. Tr. 44. IJ Decision at 3.  She was also instrumental in the Noberto Duarte's decision to make a plea agreement; therefore, suppliers and cartel members in Colombia are bound to seek retribution.

Expert witness, Professor Nagle, who herself had to flee from Colombia for fear of her life, stated that whistleblowers have nowhere to hide in Colombia. Ex. D-1. The drug cartel intelligence network is highly sophisticated and permeates all levels of society. *Id.* "The Cali narcotraffickers are so pervasive in the economic and social livelihood of Cali that to reject their influence or to inform against them is tantamount to a death sentence." *Id.* at 7. Professor Nagle, a native of Colombia who served as a judge and dealt with pervasive corruption, found that Ms. Biocini's "treachery against narcotraffickers against whom she informed" will not go unpunished if she's forced to return to Colombia. *Id.*

While the IJ conceded that drug cartels remain powerful and drug-related violence is prevalent, IJ Decision at 5, he failed to recognize that the social situation and

A91-182-333

000023

corruption in Colombia has worsened. Ex. D-6 at 2. According to a CRS report for Congress, Colombia still has the highest kidnapping and murder rate in the world. Ex. J-1, 7. According to expert witness, Professor Lowell Gustafson, Colombia now has the third largest displaced population in the world due largely to the drug war. *Available at* http://www.state.gov/r/pa/ei/bhn/35754.htm. As a result, the Colombian state is still unable to provide its citizens or its own officials an acceptable level of personal security. *Id.*

The IJ praised the success of Plan Colombia, IJ Decision at 6- 7, but corruption and human rights abuses have not been effectively tackled. While the number of fumigated coca plantations appears impressive and is often quoted as a success in the war on drugs in Colombia, new crops quickly replace and outnumber those that have been destroyed. Indeed the number of plantations does not seem to be decreasing and cocaine prices remain at an all-time low on the streets of the United States. *Id.* at 3, 30

### b. Ms. Biocini's Instrumental Role in Securing the Plea Agreement of Drug Dealer, Noberto Duarte, Demonstrates to the Cartels that She is Disloyal, Placing Her Life in Imminent Danger in Colombia.

Following her plea agreement, Ms. Biocini provided substantial assistance to the U.S. government regarding cocaine trafficking. IJ Decision at 2. After her initial interview with the FBI, Ms. Biocini spent several days with federal agents reviewing an extensive list of narcotics contacts. She continued to cooperate, meeting with agents on nine more occasions to answer questions and provide information.

As a result of her interactions with the FBI, Ms. Biocini played a direct role in Noberto Duarte's decision to forego a criminal trial and accept a plea agreement with the government. The IJ stated that "a U.S. attorney told Respondent that her assistance was a

·    A91-182-333

000024

substantial factor in his [Noberto Duarte's] decision to plead guilty." (IJ Decision, 2 ¶ 5)
Rather, the government's Sentence Memorandum and Motion to Depart Pursuant to
U.S.S.G. § 5k1.1 ("Sentencing Memo) concluded that Ms. Biocini satisfied the criteria of
providing substantial assistance to the United States. The government further
acknowledges that Ms. Biocini dedicated numerous days with FBI investigators and the
Assistant U.S. Attorney preparing for the pending trial of Mr. Duarte. Twice the trial was
re-scheduled and twice Ms. Biocini had to prepare to testify. "Biocini from the start of
her cooperation expressed an earnest willingness to act as a witness against any other of
the co-defendants in this matter. She made herself readily available for trial preparation
and conducted herself professionally" Ex. C-2 (Sentence Memorandum, pp. 4- 5).

Mr. Duarte was operating a cocaine trafficking operation in Northern California
and Hawaii, making it likely that he had numerous contacts to the Colombian cartel. Ex.
A-1. He was well-acquainted with Steve Solomon and Steve Seigal, two former
deliverymen for the Greek. Mr. Duarte's other acquaintances will most likely be aware
of Ms. Biocini's cooperation with the U.S. government, placing her life in even graver
danger.

Ms. Biocini divulged information about Colombian cocaine trafficking and
cooperated with the government until 2001. Ex. A-1. The intelligence network of the
Cali Cartel is almost certainly aware of her interactions with the U.S. government. The IJ
found Ms. Biocini's testimony credible; credible testimony can be sufficient by itself to
sustain the applicant's burden of proof regarding the likelihood of torture. 8 C.F.R. §
1208.16(c)(2)(2005): *Matter of J-E,* 23 I & N Dec. 291, 302 (BIA 2002). Therefore, it is
extremely probable that she will face torture if she is removed to Colombia.

000025



### c. Cartels Assassinated a Similarly-Situated Drug Informant, Gordo, a U.S. Informant Who was Subsequently Executed in Broad Daylight after His Removal to Colombia.

Ms. Biocini's testimony indicated that Gordo feared retribution as a result of becoming a U.S. informant. Gordo was afraid of his cooperation with the U.S. government being leaked to Colombian drug cartels and that he and his family would be in grave danger as a result. *See* Ex. E-5.

Circumstances surrounding his death strongly implicate the Colombian drug cartels in Gordo's assassination. Deeming these facts to be true, in addition to the superior intelligence networks of the drug cartels, one can reasonably infer that Ms. Biocini will be killed if she returns to Colombia.

The IJ falsely thought the precise identity of Gordo's assassins was necessary to prove that Ms. Biocini may face a similar fate if she returns to Colombia. IJ Decision at 6. On July 9, 2004, Gordo was brutally killed in broad daylight by the *emisarios de la muerte* (emissaries of death). Gordo was shot in the head and face by two assassins who were stalking him outside a building in Cali. While there was no witness to the murder, reports of two men dressed from head to toe in black who fled the scene soon circulated. *See* Ex. E-1. This style and manner of murder indicates a revenge killing carried out by organized terrorists working for the Colombian drug cartels.

According to the Ninth Circuit, Ms. Biocini is not required to provide direct evidence of Gordo's murder because factual circumstances alone can constitute sufficient circumstantial evidence of a prosecutor's identity or motive. *Canales-Vargas v. Gonzales*, 441 F.3d 739, 744 (9th Cir. 2006). Circumstantial evidence may include, *inter alia*, the timing of the persecution and signs or emblems at the sight of the

000026

persecution. *Id.* In light of Gordo's death in broad daylight and other evidence regarding the possibility of torture, Ms. Biocini has established a well-founded fear of future persecution by a preponderance of the evidence if she is removed to Colombia. The cartels have not contacted her, but according to the Ninth Circuit, certainty of persecution is not necessary. *Id.* The reputation of an organization's ruthlessness is sufficient to demonstrate that torture or persecution may occur. *Id.* at 746. Ms. Biocini is a known U.S. informant in Colombia and a prime target for retaliation by the drug cartels. *See* Ex. D-1; Ex. I-1 at ¶ 25.

II.  **THE COLOMBIAN GOVERNMENT IS ACUTELY AWARE OF ASSASSINATION OF INFORMANTS AND FAILS TO PROTECT THE INFORMANTS**

   a.  **Human Rights Reports Uniformly Denounce Human Rights Conditions in Colombia.**

For relief under CAT, a petitioner only needs to demonstrate that the government is aware of a third party's torturous activity and does nothing to intervene or prevent it. *Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003).

According to Human Rights Watch, the Colombian government is in collusion with paramilitaries and will not provide protection for Ms. Biocini. Ex. J-6. The Colombian government is now in the process of allowing paramilitary commanders to launder their money while maintaining their wealth and control over the country. *Id.* These groups receive their money from drugs and extortion and have killed thousands of civilians with impunity. *Id.* "The paramilitaries, in particular, are notorious for their atrocities, which include countless massacres, abductions, and disappearances." *Id.*

The IJ suggested that public safety conditions in Colombia have improved due to police deployment to areas previously occupied by paramilitary groups. IJ Decision at 7.

A91-182-333

000027

The IJ additionally stated that the "Colombian government has recently enacted legislation to combat money laundering and related illegal financial flows associated with narcotics trafficking." IJ Decision at 7.  However, this does not address the spread of cartel and the "hydra effect," whereby one cartel replaces another one upon abolishment. Ex. D-6.

The "hydra effect" also appears in relation to attempts to demobilize the armed groups in Colombia.  In a report exploring the demobilization of the paramilitaries, Amnesty International expressed grave concerns over the need for more oversight of this process by the Colombian government.  Amnesty International also reported that legislation passed to regulate this demobilization process "fails to meet Colombia's international obligations on victim's rights to truth, justice, and reparation. . . and will not guarantee that demobilized paramilitaries are not simply reintegrated into the armed conflict."  Most notably, Amnesty International determined that paramilitarism has not been dismantled, but simply re-engineered." Ex. D-8.

While agencies such as the Anti-Corruption Task Force Unit have been created to fight issues such as corruption, the reports also indicate that corruption is still rampant in Colombia.  In a 2006 Human Rights Watch reported that the Colombian military is still tolerating and committing abuses in collaboration with members of paramilitary groups. Ex. J-6 at 2.

000028

**b. No Safe Place Exists in Colombia for Ms. Biocini Due to the Widespread Reach of the Drug Cartels and The Corruption and Policy of Impunity for Human Rights Violations of the Colombian Government.**

The IJ conceded the validity of evidence submitted by Ms. Biocini regarding the brutality and violence cartels use to further their goals. IJ Decision at 6.

The Colombian government has made strides in superficial areas, but drug cartels and paramilitary forces maintain a stronghold in the country. According to a 2005 report by International Narcotics Control Strategy Report (INCSR) for the Department of State, illegal armed groups still control areas in Colombia that have a high concentration of coca and opium cultivation. Ex. D-5. The groups' involvement in trafficking is a major source of violence and terrorism in Colombia. *Id.*

While the struggle to eradicate coca plants continues, the government still lacks the ability to protect its citizens. Militant groups, such as FARC and AUC, have become increasingly sophisticated as a result of their involvement in drug and kidnapping activities, according to the Colombian Embassy. *See* Ex. I-3. These groups work in close collaboration with other international terrorist groups and implement tactics that create increased terror. As a result, U.S. informants, such as Ms. Biocini, have been killed when they returned to Colombia. *Id.*. Both expert witnesses in Ms. Biocini's case, affirmed that Ms. Biocini's return to Colombia would most likely result in her murder.

As the IJ stated, Ms. Biocini submitted documentary evidence establishing the far-reaching power and danger of Colombian drug cartels both in the country and abroad. IJ Decision at 6. Some view the Cali Cartel as being the most powerful drug organization

16                          A91-182-333

000029

in the world. Their influence permeates ever sector of society and every area of the country. Ms. Biocini will not be safe anywhere in Colombia.

### c. The IJ Incorrectly Compared Ms. Biocini's Situation With Professor Nagle's

The IJ placed undue emphasis on Professor Nagle's own personal experiences and improperly analogized them to Ms. Biocini's case. Professor Nagle's background is entirely different from Ms. Biocini's; she was a judge in Colombia until assassination attempts by drug traffickers forced her to flee for the U.S. *See* Ex. D-1. While it is true that Professor Nagle has not encountered drug traffickers on her trips back to Colombia, she was either in the country for an abbreviated period of time or accompanied by bodyguards. IJ Decision at 4. If Ms. Biocini returns to Colombia, it will be on a permanent basis and she will carry the label of "U.S. informant" wherever she goes. Unlike Professor Nagle, Ms. Biocini will not have any protection from body guards. Additionally, Professor Nagle has provided expert testimony on drug cartels, but never dealt drugs or was intimately connected with its powerful members as Ms. Biocini was. Her situation cannot be accurately equated to Ms. Biocini's.

### d. The IJ Overlooked Professor Lowell Gustafson's Critical Testimony That Informants Are Assassinated in Colombia

The IJ failed to consider fundamental evidentiary support for Ms. Biocini's request for relief when he overlooked Professor Gustafson's testimony. Professor Gustafson found that Ms. Biocini not only had reason to fear for her life if she returned to Colombia, but that the Colombian government would not be able to provide adequate security for Ms. Biocini. Ex. I-3. He stated that in 2005 "FARC was held responsible for more killings than any time since President Uribe took office." *Id.* at 4. FARC and AUC have both become stronger and increasingly sophisticated as a result of their involvement

17                    A91-182-333

in drug and kidnapping activities, shifting their tactics to create increased terror. *Id.*

Therefore, the IJ's opinion that the Colombian government is "actively combating drug

trafficking and drug traffickers" is not substantiated by any concrete results that have

brought about any change. IJ Decision at 7. Professor Gustafson conceded that others,

like Ms. Biocini, who have cooperated with the U.S. government, have been killed when

they returned to Colombia. Ex. I-3 at 5. He is persuaded that Ms. Biocini's removal to

Colombia will most likely "result in her murder and perhaps the murder of her family

members." *Id.*

### III.    CONSPIRACY TO DISTRIBUT COCAINE CONSTITUTES ONLY PERIPHERAL INVOLEMENT AND FAILS TO MEET THE Y-L- STANDARD FOR A PARTICULARLY SERIOUS CRIME

In the *Matter of Y-L,* 23 I. & N. Dec. 270 (BIA 2002), the Attorney General

established a standard that all drug-related aggravated felonies are serious crimes for

purposes of immigration statutes. *Id.* at 273- 76. Essentially, all drug-related felony

offenses are seen as particularly serious unless the case involved: (1) a small quantity of a

controlled substance;  (2) modest amount of money;  (3) only peripheral participation by

the offender;  (4) no violence or threat of violence;  (5) no direct or indirect organized

crime or terrorist organizations, and (6) no harmful effect on juveniles. *Id.*

Despite the strict minimum standard set in *Matter of Y-L,* Ms. Biocini satisfies

these six requirements under the exception. First, no cocaine was found in Ms. Biocini's

possession or personal belongings. Second, no money was confiscated from Ms. Biocini

related to the underlying offense. Ms. Biocini was actually struggling to maintain a

positive balance in her checking account at the time of her arrest. *See* Ex. C-3. Third,

Ms. Biocini was involved only peripherally in this conspiracy. She did not establish or

000031

maintain any functional drug trafficking operations. *Id.* Ms. Biocini was a drug user who knew of dealers and, therefore, acted as a point of communication. *See* Ex. C-2 and C-3. Fourth, Ms. Biocini was never involved with violence or any threats of violence—a key factor that distinguishes Ms. Biocini from other respondents in *Matter of Y-L.* *Id.* Fifth, Ms. Biocini had no direct or indirect connections to organized crime or terrorist organizations. Lastly, none of Ms. Biocini's actions had any known harmful effects on juveniles. As a result, the IJ incorrectly found that Ms. Biocini's drug conviction constituted a particularly serious crime under the *Y-L* standard. IJ Decision at 1.

Ms. Biocini contests the validity of the IJ's opinion because the *Y-L* standard is a denial of due process and ultra vires. The *Y-L-* standard goes beyond the permissible scope of the statute deeming persons convicted of particularly serious crimes ineligible for restriction on removal. Rather, *Y-L-*'s standard is impermissible because it creates a categorical exclusion of drug trafficking crimes, regardless of their true nature. Thus, Biocini's case should be remanded and she should be afforded the opportunity for a proper adjudication of her withholding of removal claim.

/

/

/

/

/

/

/

/

A91-182-333

000032



## Conclusion

For the foregoing reasons, Ms. Biocini respectfully requests that the Board grant her deferral of removal under the Convention Against Torture. Moreover, Ms. Biocini would request that the Board remand her case for a proper ruling on the withholding of removal claim because her conspiracy conviction for distribution of a kilogram of cocaine does not constitute a particularly serious crime.

Dated:
7/16/06

Respectfully submitted,

**HOLLY COOPER**
**Immigration Law Clinic, UC Davis**
**School of Law**
**Attorney for the Respondent, Ana**
**Biocini**

20                    A91-182-333




**In the Matter of Biocini, A91-182-333**

## CERTIFICATE OF SERVICE

On July 17, 2006, I served the following document(s):  Respondent's Opening Brief on Appeal upon the parties in said action by placing a true and correct copy in a sealed envelope and each envelope addressed as follows:

**USICE Office of the District Counsel**
**550 Kearney Street, Ste. 1000**
**San Francisco, CA  94108**

____     *By Facsimile Machine (FAX).*  By personally transmitting a true and correct copy thereof via an electronic facsimile machine during regular business hours.

✓     *By Mail.*  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service and that this document, with postage fully prepared, will be deposited with the United States Postal Service this date in the ordinary course of business.

____     *By Certified Mail.*  I am readily familiar with the business practice for collection and processing of correspondence for certified mailing with the United States Postal Service and that this document with postage fully prepaid, will be deposited with the United States Postal Service on this date in the ordinary course of business.

____     *By Overnight/Express Mail.*  I am familiar with the business practice for the collection and processing of Overnight/Express Mail with the United States Postal Service and/or Overnight service provider.  Such correspondence will be deposited with the facility regularly maintained by the United States Postal Service for receipt of express mail or other overnight service providers/entities (i.e., Federal Express, United States Parcel Service, etc.).  For receipt of Overnight Mail on the same day in the ordinary course of business.

____     *By Personal Service.*  By personally delivering a true copy thereto to the office the addressee above.

I declare under penalty of perjury that the foregoing is true and correct.  Executed On July 17, 2006, in Davis, CA.

Holly Cooper, Esq.
Counsel for the Respondent

*Respondent's Opening Brief*
*In the Matter of Biocini, A91-182-333*



PLESE FOLD THIS SHIPPING DOCUMENT IN HALF AND PLACE IT IN A WAYBILL POUCH AFFIXED TO YOUR SHIPMENT
SO THAT THE BAR-CODE PORTION OF THE LABEL CAN BE READ AND SCANNED. ***WARNING: USE ONLY THE PRINTED
ORIGINAL LABEL FOR SHIPPING. USING A PHOTOCOPY OF THIS LABEL FOR SHIPPING PURPOSES IS FRAUDULENT AND
COULD RESULT IN ADDITIONAL BILLING CHARGES, ALONG WITH THE CANCELLATION OF YOUR FEDEX ACCOUNT NUMBER.

From: Origin ID: SMFA  (530) 754 4633
Holly S. Cooper
UC Davis School of Law
Immigration Clinic
One Shields Ave. TB 30
Davis, CA 95616

Ship Date: 17JUL06
Actual Wgt: 1 LB
System#: 10671/FXRS0722
Account#: S ********

REF: F3I22300P

Delivery Address Bar Code

FedEx Express

BILL SENDER

SHIP TO:  (530) 754 4633

**Board Immigration Appeals**
**Clerk's Office**
**5107 Leesburg Pike, Suite 2000**

**Falls Church, VA 22041**

PRIORITY OVERNIGHT

TRK#  7096 7460 0550      FORM
                          0201

22041    -VA-US

TUE
Deliver By:
18JUL06

IAD      A2

XC LVLA

000035

OMB#1125-0005

U.S. Department of Justice
Executive Office for Immigration Review
*Board of Immigration Appeals*

**Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals**

---

| I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s): | DATE (mm/dd/yy): 7/10/06 |
|---|---|

NAME: ___Ana___ ___B.___ ___Biocini___
      (First)        (Middle Initial)        (Last)
      ID # 1709304

ADDRESS: __17695__    __Ind. Farm Rd.__    _____
          (Number and Street)              (Apt. No.)

__Bakersfield,__    __CA__    __93308__    _____
      (City)        (State)    (Zip Code)

ALIEN NUMBER(S) (List lead alien number and all family member alien numbers, if applicable.)

A - 094-182-333.

---

Please check one of the following:

[X] 1. I am a member in good standing of the bar of the highest court(s) of the following state(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia:

| Full Name of Court | State Bar No. (if applicable) |
|---|---|
| California Supreme Ct. | 197626 |

(Please use space on reverse side to list additional jurisdictions.)

[✓] I am not (or [ ] I am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions (other than federal courts) where I am licensed to practice law.

[ ] 2. I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review pursuant to 8 C.F.R. § 1292.2 (provide name of organization):

[ ] 3. I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 1292.1 (explain fully on reverse side).

---

*I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Board of Immigration Appeals. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID# | PHONE NUMBER (with area code) | DATE (mm/dd/yy) |
|---|---|---|---|
| X _signature_ | | 530-754-4833 | 7/10/06 |

| NAME OF ATTORNEY OR REPRESENTATIVE (type or print) | ADDRESS | [ ] Check here if new address |
|---|---|---|
| Holly Cooper, Esq. | U.C. Davis Immigration Clinic One Shields Ave., TB-30 Davis, CA 95616. | |

Form EOIR - 27
Rev. June 2005



(Vertical stamp, right margin:) RECEIVED JUL 2006 BOARD OF IMMIGRATION APPEALS CLERK EXECUTIVE OFFICE FOR IMMIGRATION REVIEW DEPARTMENT OF JUSTICE

 

## Certificate of Service

I __Holly Cooper__ _____ mailed or delivered a copy of the foregoing on __7/10/06__ to the DHS
(Name)                                                                                    (Date-mm/dd/yy)

(U.S. Immigration and Customs Enforcement - ICE) at __550 Kearney St, Ste 1000  SF CA 94941__
                                                         (Number and Street, City, State, Zip Code)

X _____

Signature of Attorney or Representative

**(Note: Alien may be required to sign Acknowledgement and Consent below.)**

---

*The Privacy Act of 1974 requires that if the person being represented is or claims to be a citizen of the United States or an alien lawfully admitted for permanent residence, he/she must sign the portion below.*

**I HEREBY ACKNOWLEDGE THAT THE ABOVE-NAMED ATTORNEY OR REPRESENTATIVE REPRESENTS ME IN THESE PROCEEDINGS AND I CONSENT TO THE DISCLOSURE TO HIM/HER OF ANY RECORDS PERTAINING TO ME WHICH APPEAR IN ANY EOIR SYSTEM OF RECORDS.**

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE (mm/dd/yy) |
|---|---|---|
| | X | |

**APPEARANCES** - An appearance shall be filed on a Form EOIR-27 by the attorney or representative appearing in each appeal or motion to reopen or motion to reconsider before the Board of Immigration Appeals (see 8 C.F.R. § 1003.38(g)), even though the attorney or representative may have appeared in the case before the Immigration Judge or the U.S. Citizenship and Immigration Services. When an appearance is made by a person acting in a representative capacity, his/her personal appearance or signature constitutes a representation that, under the provisions of 8 C.F.R. part 1003, he/she is authorized and qualified to represent individuals. Thereafter, substitution or withdrawal may be permitted upon the approval of the Board of a request by the attorney or representative of record in accordance with *Matter of Rosales*, 19 I&N Dec. 655 (1988). Please note that appearances for limited purposes are not permitted. *See Matter of Velasquez*, 19 I&N Dec. 377, 384 (BIA 1986). Further proof of authority to act in a representative capacity may be required.

**REPRESENTATION** - A person entitled to representation may be represented by any of the following:

   (1) Attorneys in the United States as defined in 8 C.F.R. § 1001.1(f).

   (2) Law students and law graduates not yet admitted to the bar as defined in 8 C.F.R. § 1292.1(a)(2).

   (3) Reputable individuals as defined in 8 C.F.R. § 1292.1(a)(3).

   (4) Accredited representatives as defined in 8 C.F.R. § 1292.1(a)(4).

   (5) Accredited officials as defined in 8 C.F.R. § 1292.1(a)(5).

**ADDITIONAL INFORMATION:**

*(Please attach additional sheets of paper if necessary.)*

**NOTE: THIS FORM MAY NOT BE USED TO REQUEST RECORDS UNDER THE FREEDOM OF INFORMATION ACT OR THE PRIVACY ACT. THE MANNER OF REQUESTING SUCH RECORDS IS CONTAINED IN 28 C.F.R. §§ 16.1-16.11 AND APPENDICES.**

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete this form is six (6) minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

U.S. Department of Justice
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB#1125-0005

## Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s):

DATE (mm/dd/yy): 7/10/06

**NAME:** Ara                Biccini
    (First)      (Middle Initial)      (Last)  ID # 1709304

**ADDRESS:** 17695    Ind. Farm Rd.
(Number and Street)            (Apt. No.)

Bakusfield, CA    93308.
(City)    (State)    (Zip Code)

ALIEN NUMBER(S) (List lead alien number and all family member alien numbers, if applicable.)

A - 091- 182- 333

Please check one of the following:

☐ 1.  I am a member in good standing of the bar of the highest court(s) of the following state(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia:

Full Name of Court          State Bar No. (if applicable)

_____    _____

_____    _____

(Please use space on reverse side to list additional jurisdictions.)

I ☒ am not (or ☐ am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions (other than federal courts) where I am licensed to practice law.

☐ 2.  I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review pursuant to 8 C.F.R. § 1292.2 (provide name of organization):

_____

☒ 3.  I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 1292.1 (explain fully on reverse side).

*I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Board of Immigration Appeals. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID# | PHONE NUMBER (with area code) | DATE (mm/dd/yy) |
|---|---|---|---|
| X *Tanya P. Beserra* | | 530-754-4833 | 7/10/06 |

| NAME OF ATTORNEY OR REPRESENTATIVE (type or print) | ADDRESS ☐ Check here if new address |
|---|---|
| Tanya P. Beserra | U.C. Davis Immigration Clinic One Shields Ave., TB-30 Davis, CA 45616 |

Form EOIR - 27
Rev. June 2005




### Certificate of Service

I _Tanya Becerra_ _____ mailed or delivered a copy of the foregoing on _7/10/06_ ____ to the DHS
    (Name)                                               (Date-mm/dd/yy)

(U.S. Immigration and Customs Enforcement - ICE) at _330 Kearney St., Ste 1000   SF, CA 97941_
                                                       (Number and Street, City, State, Zip Code)

X _Tanya Becerra_

                Signature of Attorney or Representative

**(Note: Alien may be required to sign Acknowledgement and Consent below.)**

---

*The Privacy Act of 1974 requires that if the person being represented is or claims to be a citizen of the United States or an alien lawfully admitted for permanent residence, he/she must sign the portion below.*

**I HEREBY ACKNOWLEDGE THAT THE ABOVE-NAMED ATTORNEY OR REPRESENTATIVE REPRESENTS ME IN THESE PROCEEDINGS AND I CONSENT TO THE DISCLOSURE TO HIM/HER OF ANY RECORDS PERTAINING TO ME WHICH APPEAR IN ANY EOIR SYSTEM OF RECORDS.**

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE (mm/dd/yy) |
|---|---|---|
| | X | |

**APPEARANCES** - An appearance shall be filed on a Form EOIR-27 by the attorney or representative appearing in each appeal or motion to reopen or motion to reconsider before the Board of Immigration Appeals (see 8 C.F.R. § 1003.38(g)), even though the attorney or representative may have appeared in the case before the Immigration Judge or the U.S. Citizenship and Immigration Services. When an appearance is made by a person acting in a representative capacity, his/her personal appearance or signature constitutes a representation that, under the provisions of 8 C.F.R. part 1003, he/she is authorized and qualified to represent individuals. Thereafter, substitution or withdrawal may be permitted upon the approval of the Board of a request by the attorney or representative of record in accordance with *Matter of Rosales*, 19 I&N Dec. 655 (1988). Please note that appearances for limited purposes are not permitted. *See Matter of Velasquez*, 19 I&N Dec. 377, 384 (BIA 1986). Further proof of authority to act in a representative capacity may be required.

**REPRESENTATION** - A person entitled to representation may be represented by any of the following:

    (1) Attorneys in the United States as defined in 8 C.F.R. § 1001.1(f).

    (2) Law students and law graduates not yet admitted to the bar as defined in 8 C.F.R. § 1292.1(a)(2).

    (3) Reputable individuals as defined in 8 C.F.R. § 1292.1(a)(3).

    (4) Accredited representatives as defined in 8 C.F.R. § 1292.1(a)(4).

    (5) Accredited officials as defined in 8 C.F.R. § 1292.1(a)(5).

**ADDITIONAL INFORMATION:**

_Tanya Becerra is a law student at U.C. Davis working under the supervision of Haily Cooper, attorney at law._

(Please attach additional sheets of paper if necessary.)

**NOTE: THIS FORM MAY NOT BE USED TO REQUEST RECORDS UNDER THE FREEDOM OF INFORMATION ACT OR THE PRIVACY ACT. THE MANNER OF REQUESTING SUCH RECORDS IS CONTAINED IN 28 C.F.R. §§ 16.1-16.11 AND APPENDICES.**

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete this form is six (6) minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

000039



US Dept of Justice
Executive Office for Immigration Review
Board of Immigration Appeals.

5107 Leesburg Pike, Suite 2600
Falls Church, VA 22041

(1704)
University of California
Immigration Law Clinic
School of Law Clinical Programs
One Shields Avenue
Davis, CA 95616-8821



**U.S. Department of Ju**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Christopher J. Todd
1 Shields Avenue, TB-30
Davis, CA 95616

**Office of the District Counsel/SFR**
P.O. Box 26449
San Francisco, CA 94126-6449

Name: *F-BIOCINI, ANA BEATRIZ                      A91-182-333

Type of Proceeding: Removal                       Date of this notice: 06/26/2006

Type of Appeal: Case Appeal                        Appeal filed by:  Alien

Date of Appeal: 05/15/2006

NOTICE -- BRIEFING EXTENSION REQUEST GRANTED

Alien's <u>original</u> due date: 06/27/2006            DHS' <u>original</u> due date: 06/27/2006

o        The request by the alien for an additional amount of time to submit a brief, which
         was received on  06/23/2006, is GRANTED.

o        The alien's brief must be **received** at the Board of Immigration Appeals on or before
         07/18/2006.

o        The DHS' brief must be **received** at the Board of Immigration Appeals on or before
         07/18/2006.

<u>**PLEASE NOTE**</u>

       **WARNING:**   If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a
brief or statement, you are expected to file a brief or statement in support of your appeal.  If you fail
to file the brief or statement within the time set for filing, the Board may summarily dismiss your
appeal.  *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

       <u>The Board generally does not grant extensions for more than 21 days.</u>  Each party's current
due date is stated above.

       <u>The Board rarely grants more than one briefing extension to each party.</u>  Therefore

91-182-333

have been granted an extension, you should assume that you will not be granted any further extensions.

If you file your brief late, you must file it along with a motion for consideration of your late-filed brief. There is no fee for such a motion. The motion must set forth in detail the reasons that prevented you from filing your brief on time. You should support the motion with affidavits, declarations, or other evidence. Only one such motion will be considered by the Board.

## FILING INSTRUCTIONS

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice. Please attach one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for records. Thank you for your cooperation.**

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If you have any questions about how to file something at the Board, you should review
the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:
Board of Immigration Appeals,
Clerk's Office,
5107 Leesburg Pike, Suite 2000,
Falls Church, VA 22041

Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:
Board of Immigration Appeals
Clerk's Office
P.O. Box 8530
Falls Church, VA 22041.

walkera

000042



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Christopher J. Todd
1 Shields Avenue, TB-30
Davis, CA 95616

Office of the District Counsel/SFR
P.O. Box 26449
San Francisco, CA 94126-6449

Name: *F-BIOCINI, ANA BEATRIZ          A91-182-333

Type of Proceeding: Removal          Date of this notice: 06/06/2006

Type of Appeal: Case Appeal          Appeal filed by: Alien

Date of Appeal: 05/15/2006

### NOTICE -- BRIEFING SCHEDULE

o   Enclosed is a copy of the decision of the Immigration Judge.
o   Enclosed is a copy of the transcript of the testimony of record.
o   Appealing party is granted until 06/27/2006 to submit a brief to the Board of
    Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this
    date.
o   Opposing party is granted until 06/27/2006 to submit a reply brief to the Board of
    Immigration Appeals . The brief must be **RECEIVED** at the Board on or before this
    date.

**WARNING:**   If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a
brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail
to file the brief or statement within the time set for filing in this briefing schedule, the Board may
summarily dismiss your appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice.
Please attach one copy of this notice to the front of your brief when you mail or deliver it to
the Board, and keep one for records. Thank you for your cooperation.**

A fee is not required for the filing of a brief. Your brief must be RECEIVED at the Clerk's
Office at the Board of Immigration Appeals within the prescribed time limits. It is NOT
sufficient simply to mail the brief and assume your brief will arrive on time. We strongly
urge the use of an overnight courier service to ensure the timely filing of your

91-182-333 

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If the alien is represented by counsel at the appeal level, a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

If you have any questions about how to file something at the Board, you should review the Board's *Practice Manual and Questions and Answers* at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents.   If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above.  Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them.  Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:
    Board of Immigration Appeals,
    Clerk's Office,
    5107 Leesburg Pike, Suite 2000,
    Falls Church, VA 22041

    Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:
    Board of Immigration Appeals
    Clerk's Office
    P.O. Box 8530
    Falls Church, VA  22041.


**FILING INSTRUCTIONS -- Extension Request.**

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time will only be granted for good cause.  All extension requests must be in writing.  Telephonic or fax requests will not be accepted.

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule.  Requests for extension of briefing time received after expiration of the initial briefing period, will not be granted.

The Board does not grant extensions for more than 21 days.  If your request is granted, the brief will generally be due 21 days from the date the initial briefing schedule expires, not 21 days from the date of the request for an extension or the date of the Board response to the request.  The new due date will be stated on the notice granting the extension.

The policy of the Board is that no additional extensions will be granted.

000044

JAMES F. SMITH (CA SBN)
CHRISTOPHER J. TODD, Esq. (NYSB)
IMMIGRATION LAW CLINIC
University of California, Davis School of Law
1 Shields Avenue TB-30
Davis, CA 95616-8821
Tel.:    (530) 752-6942
Fax:    (530) 752-0822

Counsel for Respondents

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**
**FALLS CHURCH, VA**

| | |
|---|---|
| In the Matter of: | File No. A 091-182-333 |
| Ana BIOCINI, | **RESPONDENT'S MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF** |
| Respondent, | |
| In Removal Proceedings. _____/ | Brief Deadline: 6/27/2006 |

**RESPONDENT'S MOTION FOR EXTENSION OF TIME**
**TO FILE OPENING BRIEF**

Respondent, through undersigned counsel, hereby request an extension of time in which to file a brief in this matter. Respondent's brief is currently due on June 27, 2006. Counsels for the respondent have several other briefs and motions due in the local immigration court and the Ninth Circuit Court of Appeals. Moreover, the Immigration Law Clinic is short-staffed during this time due to student summer vacation. Consequently, in order to prepare a detailed, comprehensive brief in this matter, thoroughly covering the errors of fact and law by the IJ, counsels seek a 21-day extension in which to draft and submit an adequate opening brief. In the interest of justice and fairness and to safeguard Respondent's right to representation, we pray that the motion is granted.

Dated:  June 20,  2006                                Respectfully Submitted,

                                                                    Christopher J. Todd

*Respondent's Motion for Extension of Time to File Opening Brief*
*In the Matter of Biocini, A91-182-333*

RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

BOARD OF
IMMIGRATION APPEALS
OFFICE OF THE CLERK

JUN 23 2006



**In the Matter of Biocini, A91-182-333**

## CERTIFICATE OF SERVICE

On June 22, 2006, I served the following document(s): Respondent's Motion for Extension of Time to File Opening Brief upon the parties in said action by placing a true and correct copy in a sealed envelope and each envelope addressed as follows:

**USICE Office of the District Counsel**
**550 Kearney Street, Ste. 1000**
**San Francisco, CA 94108**

____  *By Facsimile Machine (FAX).* By personally transmitting a true and correct copy thereof via an electronic facsimile machine during regular business hours.

____  *By Mail.* I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service and that this document, with postage fully prepared, will be deposited with the United States Postal Service this date in the ordinary course of business.

____  *By Certified Mail.* I am readily familiar with the business practice for collection and processing of correspondence for certified mailing with the United States Postal Service and that this document with postage fully prepaid, will be deposited with the United States Postal Service on this date in the ordinary course of business.

____  *By Overnight/Express Mail.* I am familiar with the business practice for the collection and processing of Overnight/Express Mail with the United States Postal Service and/or Overnight service provider. Such correspondence will be deposited with the facility regularly maintained by the United States Postal Service for receipt of express mail or other overnight service providers/entities (i.e., Federal Express, United States Parcel Service, etc.). For receipt of Overnight Mail on the same day in the ordinary course of business.

____  *By Personal Service.* By personally delivering a true copy thereof to the office of the addressee above.

I declare under penalty of perjury that the foregoing is true and correct. Executed On June 22, 2006, in Mill Valley, CA.

Christopher J. Todd, Esq.
Counsel for the Respondent

RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
JUN 23 2006
BOARD OF
IMMIGRATION APPEALS
OFFICE OF THE CLERK



PLEASE FOLD THIS SHIPPING DOCUMENT IN HALF AND PLACE IT IN A WAYBILL POUCH AFFIXED TO YOUR SHIPMENT SO THAT THE BAR CODE PORTION OF THE LABEL CAN BE READ AND SCANNED. **WARNING: USE ONLY THE PRINTED ORIGINAL LABEL FOR SHIPPING. USING A PHOTOCOPY OF THIS LABEL FOR SHIPPING PURPOSES IS FRAUDULENT AND COULD RESULT IN ADDITIONAL BILLING CHARGES, ALONG WITH THE CANCELLATION OF YOUR FEDEX ACCOUNT NUMBER

From: Origin ID: SMF-A (530) 752 6942
Kone Martinez
Law Clinics Program
UC Davis
TB 30/15Fields Avenue
Davis, CA 95616

FedEx Express

Ship Date: 22JUN06
Actual Wgt 1 LB
System# 10671/FDXRS0722
Account# S *********

REF: F-3122300P

SHIP TO: (202) 514 2000    BILL SENDER

**Board of Immigration Appeals**
Clerk
5107 Leesburg Pike, Ste. 2000

**Falls Church, VA 22041**

Delivery Address Bar Code

RELEASE#: 17108098

**STANDARD OVERNIGHT**

TRK# 7096 7458 6200

FORM
0201

IAD    A2

FRI

Deliver By:
23JUN06

**XC LVLA**

22041    -VA-US

http://fedex.ucdavis.edu/ucd/tracking.asp?tracknum=709674586200

6/22/2006

000047

# AR <u>48-49</u> have been deleted.

# Please see AR 43-44