# EXHIBIT
# C-5

000480

1  MICHAEL J. YAMAGUCHI
   United States Attorney
2
   GEORGE HARDY
3  Chief, Criminal Division

4  GEOFFREY A. ANDERSON
   Chief, Organized Crime Strike Force
5
   BARBARA BRENNAN SILANO
6  Assistant United States Attorney
   Organized Crime Strike Force
7       11th Floor, Federal Building
        450 Golden Gate Avenue
8       San Francisco, California  94102
        Tel. (415) 436-6838
9
   Attorneys for Plaintiff
10
11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,          )   No. CR. 95-0187 FMS
                                       )
14              Plaintiff,             )
                                       )
15       v.                            )   PLEA AGREEMENT
                                       )
16  ANA BIOCINI,                       )
        aka BEATRIZ JARAMILLO          )
17      aka ANA RACINES JARAMILLO      )
        aka "TINA"                     )
18      aka "BETTY"                    )
        aka "BETTINA"                  )
19                                     )
                Defendant.             )
20  _____)

21       Plaintiff, the United States of America, by and through its

22  counsel, Michael J. Yamaguchi, United States Attorney for the

23  Northern District of California, and Barbara Brennan Silano, an

24  Assistant United States Attorney for the Northern District of

25  California, Organized Crime Strike Force; and the defendant ANA

26  BIOCINI individually and by her attorney, George Boisseau hereby

PLEA AGREEMENT
(CR 95-0187-FMS)

1

000481

JUN-05-98  13:49  From:US ATTORNEYS OFF STRIKE FORCE         4154366750         T-825 P.03/18 Job-240

1  enter into the following agreement pursuant to Rule 11(e)(1)(B) of
2  the Federal Rules of Criminal Procedure:

3       1.   The defendant will plead guilty to COUNT ONE charging
4  her with Title 21, United States Code, Section 846 Conspiracy to
5  Distribute Cocaine.  The defendant is pleading guilty because she is
6  guilty, and acknowledges the following facts:

7       From on or about 1987 up to and including May 8, 1995 in
8       the Northern District of California, defendant did
        knowingly and willfully combine, conspire, confederate and
9       agree with Christopher Michna, Steven Siegel, Diane Dragoo,
        Stephen Solomon, Norberto Duarte and others to distribute a
10      controlled substance, to wit: cocaine.

11      2.   The defendant understands that COUNT ONE of the
12  Indictment carries the following penalty: For five kilograms or more
13  of cocaine: a minimum mandatory sentence of ten years, and a maximum
14  term of incarceration of life, a $4,000,000 fine, a term of
15  supervised release of 5 years, and a special assessment of $50.00;
16  for 500 grams of cocaine but less than five kilograms of cocaine: a
17  minimum mandatory sentence of five  years, and a maximum term of
18  incarceration of forty years a $1,000,000 fine, a term of supervised
19  release of four years applies.

20      The defendant understands that she shall not be eligible
21  for parole during any term of imprisonment imposed.  The defendant
22  further understands that the sentence to be imposed is within the
23  sole discretion of the Court.

24      3.   The defendant acknowledges that she has had all of her
25  rights explained to her and expressly recognized that she has the
26  following rights:

000482

JUN-05-98  13:49  From:US ATTORNEYS OFF STRIKE FORCE          4154366751          T-825  P.04/15  Job-240

a.  The right to plead not guilty and persist in that plea.

b.  The right to a speedy and public jury trial.

c.  The right to assistance of counsel at that trial and in any subsequent appeal.

d.  The right to remain silent at trial.

e.  The right to testify at trial if she wishes.

f.  The right to confront and cross-examine government witnesses.

g.  The right to present evidence and/or witnesses in her own behalf.

h.  The right to compulsory process of the court.

i.  The right to a unanimous guilty verdict.

The defendant further understands that she waives each and every one of the above rights by pleading guilty pursuant to this Plea Agreement, including her right to appeal a finding of guilt following her guilty plea, and it is her knowing and voluntary intention to do so.  Defendant further acknowledges that if her guilty plea is accepted there will not be a trial of any kind.  The defendant also agrees to waive both any right to appeal and to collaterally attack pursuant to 28 U.S.C. §2255 the judgment and any part of the sentence imposed by the Court.  Further, the defendant waives any right to any further discovery in the matter including any right she may have to impeachment information regarding any of the government witnesses including government agents and employees.

4.  The defendant acknowledges that the sentence to be imposed for this offense which was committed after November 1, 1987 is governed by the Sentencing Guidelines (the "Guidelines") as

PLEA AGREEMENT
(CR 95-0187-FMS)

3

000483

1 promulgated by the Sentencing Commission under the Sentencing Reform
2 Act of 1984.

3       The defendant acknowledges that she has thoroughly and
4 adequately discussed with her lawyer the effect of the Guidelines
5 with respect to the entry of her guilty plea.

6       5.   This agreement is not binding upon the district court
7 judge or the probation office. Both the district court judge and the
8 probation office will make their own determinations pursuant to the
9 Guidelines as to the appropriate sentence to be imposed. The
10 defendant further acknowledges that the Court's determination will be
11 based upon, among other things, an independent recommendation by the
12 United States Probation Officer, who will prepare a presentence
13 report in this case. The defendant understands that the Court will
14 make the final decision as to how the Guidelines apply and what
15 sentence will be imposed. The government retains the right to
16 provide to the Court and the probation office all information and
17 evidence in its possession regarding the facts concerning this case
18 and the defendant, and the applicable law.

19       6.   The parties agree that if the defendant meets the
20 criteria set out in U.S.S.G. §§ 3E1.1(a) and (b), relating to
21 acceptance of responsibility and does not otherwise violate this plea
22 agreement, the government will recommend a two level reduction in the
23 base offense level.

24       7.   The defendant acknowledges that defense counsel has
25 advised her of the nature of the charges, any possible defenses to
26 the charges and the nature and range of possible sentences. The

PLEA AGREEMENT
(CR 95-0187-FMS)

4

000484

defendant is satisfied that her defense counsel has provided
competent representation.

       8.   The defendant specifically agrees that:

       (a)  A special assessment of $50 will be imposed as
part of the sentence for each count for which the defendant is
convicted.  She will pay the special assessment before or at the time
of the sentence.

       (b)  <u>21 U.S.C. §846</u>

    Her base offense level for a violation 21 U.S.C. 846 is based on
the quantity of cocaine involved.  U.S.S.G. § 2D1.1(c). Both parties
agree that the amount of cocaine transacted by the defendant and
reasonably foreseeable to her and the amount to be used for Biocini's
sentence is at least five (5) kilograms but less than fifteen (15)
kilograms of cocaine, therefore a level 32.

    Pursuant to U.S.S.G. § 1B1.8, the information concerning
additional cocaine transacted by Biocini as part of her agreement to
provide information to the government shall not be used in
determining the applicable guideline range.

       (c)  She agrees to execute any documents necessary to
release the funds she has in any bank or other financial accounts to
the Clerk of the Court of the United States in order to make partial
payment toward any fines or restitution owed in the matter.  Further,
the defendant agrees to forfeit any currency seized at the time of
her arrest.

       (d)  She agrees to execute any documents necessary to
transfer title of any asset to assist in the payment of restitution.

PLEA AGREEMENT
(CR 95-0187-FMS)

5



JUN-05-98  13:51   From:U.S. ATTORNEYS OFF STRIKE FORCE          4154381              T-825 P.07/16 Job-240

1          (e)   The defendant specifically agrees not to request
2    a downward departure from the Guidelines range determined by the
3    Court and the defendant agrees not to request any adjustment for her
4    role in the offense.

5          (f)   The defendant agrees that she shall truthfully
6    disclose all information with respect to the activities of herself
7    and others concerning all matters about which the United States
8    inquires of her at such times as the parties mutually agree and with
9    the opportunity to have counsel present, and, further, shall
10   truthfully testify when properly subpoenaed before the grand jury
11   and/or at any trial or proceeding with respect to any matters about
12   which the United States may request her testimony.

13         (g)   It is further understood and agreed that the
14   United States will not use any such testimony and information to be
15   provided by the defendant, or information derived therefrom either
16   directly or indirectly against her, except for perjury and false
17   swearing.  It is understood that the Government's forbearance from
18   prosecution is conditioned upon testimony and information being
19   complete and truthful.

20         (h)   It is further understood and agreed that the
21   defendant shall at all times give complete, truthful and accurate
22   information and testimony.

23         (1)   Defendant's statements may be used in cross-
24   examination or in rebuttal should she at any time testify
25   inconsistently with information she has previously provided.

26         (2)   All information defendant provides can be

PLEA AGREEMENT
(CR 95-0187-FMS)

6

000486

JUN-05-98  13:51  From:US ATTORNEY OF STRIKE FORCE          4154388753          T-825  P.08/18  Job-248

1  used against her should she provide information implicating her in a

2  crime of violence against any person.

3         (i)  In consideration of the full, complete truthful

4  cooperation with federal and state law enforcement officials, the

5  United States will fully and accurately disclose the extent of the

6  defendant's cooperation to the Court, Probation Office and to

7  whatever appropriate agency either designates.  The defendant agrees

8  that she will not request nor will she be permitted to withdraw her

9  guilty plea(s) any time after the entry of the guilty plea(s), even

10 if the Court computes the Guidelines differently.

11        9.   In exchange for this agreement the United States

12 Attorney for the Northern District of California agrees as follows:

13              (a)  Acceptance of Responsibility

14    The United States Attorney's Office for the Northern District of

15 California will recommend a two-point reduction for acceptance of

16 responsibility.

17              (b)  Role in the Offence

18    The United States Attorney's Office for the Northern District of

19 California agrees to recommend that the defendant receive no

20 adjustment upwards for her role in the offense.

21              (c)  Additional Charges

22    Further, the United States Attorney's Office for the Northern

23 District of California will not file any additional criminal charges

24 for offenses known to the United States Attorney's Office for the

25 Northern District of California at this time arising out of the

26 investigation conducted by the Federal Bureau of Investigation

PLEA AGREEMENT
(CR 95-0187-FMS)

000487



JUN-05-98  13:52  From:US ATTORNEYS OFF STRIKE FORCE                41543667       T-825  P.09/16  Job-240

1  leading up to the filing of this Indictment and this Plea Agreement.
2  Such promise of non-prosecution does not foreclose any prosecution
3  for an act of murder, attempted murder, or act of physical violence
4  against the person of another, or conspiracy to commit any such act
5  of violence.

6                    (d)  Substantial Assistance

7       If the United States, in its sole discretion, determines that
8  the defendant has provided full and complete co-operation, including
9  but not limited to truthful testimony before the Grand Jury and at
10  trial, and that said co-operation has resulted in the provision of
11  substantial assistance in the investigation or prosecution of another
12  person ro persons who has committed an offense, it will make a motion
13  to allow the court to depart from the Sentencing Guidelines pursuant
14  to U.S.S.G. § 5X1.1. The decision as to whether such a motion is
15  warranted is solely within the discretion of the government and will
16  be made only after the government evaluates the entire co-operation
17  of the defendant.  If the defendant ceases to be fully co-operative
18  or completely truthful, the United States will not file a motion for
19  downward departure, but the defendant will not be released from her
20  obligations pursuant to this agreement.  In the event that the Court
21  determines the defendant to qualify for the limitation on
22  applicability of the Statutory Minimum Sentence pursuant to U.S.S.G.
23  § 5C1.2, the reduction for the "safety valve" shall be incorporated
24  into as opposed to in addition to any recommendation pursuant to any
25  5X1.1 reduction.

26       Defendant Biocini agrees to postpone her sentence until such

PLEA AGREEMENT
(CR 95-0187-FMS)

8

000488



1   time as her cooperation and her testimony at any trial, sentencing,
2   or proceeding are complete.

(a)   Criminal History

3
4       No promises are made with respect to the calculation of
5   defendant's criminal history category.

(f)   Upward Departures

6
7       The government agrees not to file any motion for an upward
8   departure.

9       10.   The defendant reserves the right to make an allocution
10  at the time of sentencing without any limitation as to either what
11  sentence the Government may recommend, or as to what the defendant
12  may state except as mentioned above.  The United States reserves the
13  right to allocute in its full discretion at the time of sentencing
14  without limitations as to what sentence the United States may
15  recommend except as stated in the agreement herein.

16      11.   The defendant acknowledges and agrees that this plea
17  agreement may be filed under seal and become a part of the record in
18  this case.

19      12.   The defendant is entering her guilty plea freely and
20  voluntarily, and not as the result of force, threats, assurances, or
21  promises other than the promises contained in this agreement.

22      13.   In signing this agreement, the defendant is not under
23  the influence of any drug, medication, liquor, intoxicant or
24  depressant, and is fully capable of understanding the terms and
25  condition of this plea agreement.

26      14.   All promises here made by each party are made

PLEA AGREEMENT
(CR 95-0187-FMS)

9



1  dependent on full performance of the promises made by the other
2  party.  Any commitment regarding the United States' sentencing
3  recommendation applies only to the sentencing upon this Indictment
4  and does not apply, for example, to any future proceedings concerning
5  an alleged violation of probation, violation of parole or supervised
6  release.  This plea agreement binds only the United States Attorney's
7  Office for the Northern District of California and does not bind any
8  other local, state or federal prosecuting authority.

9        15.  If the defendant commits any crimes, violates any of
10  the conditions of her release, or violates any term of this plea
11  agreement between signing this agreement and the date of sentencing,
12  or fails to appear for sentencing, or if the defendant provides
13  information to the probation officer, the Court, or the United States
14  which is intentionally misleading or intentionally untruthful, the
15  government will be free to recommend at sentencing on the charges to
16  which the defendant has pleaded guilty, a sentence higher than that
17  contemplated by this plea agreement.  If the government pursues this
18  course, the defendant will not be permitted to withdraw her guilty
19  plea(s) entered pursuant to this plea agreement.  Furthermore, in
20  such an instance, the government will be free to charge, reinstate
21  and/or otherwise pursue any and all charges which could have been
22  brought but for this plea agreement.  If the defendant's guilty plea
23  is rejected, withdrawn, vacated, or reversed by any court in a later
24  proceeding, the government will be free to prosecute that defendant
25  for all charges as to which it has knowledge, including giving false
26  declarations before a grand jury.  Further, any charges which have

PLEA AGREEMENT
(CR 95-0187-FMS)

10

000490



1  been dismissed because of this plea agreement will be automatically

2  reinstated.  In such event, the defendant waives any objections,

3  motions, or defenses based upon the Speedy Trial Act or the Sixth

4  Amendment to the Constitution as to the delay occasioned by the later

5  proceedings.

6          16.  In exchange for the government's promises set forth in

7  this plea agreement, the defendant agrees that if any applicable

8  provision of the Guidelines changes after entry of this plea

9  agreement and if the defendant makes any request to be sentenced

10  pursuant to that changed guideline, the government is not obligated

11  to make the sentencing recommendation set forth in this plea

12  agreement and will be free to recommend any sentence that it deems

13  appropriate under the Guidelines, including an upward departure, and

14  will be free to argue that any other adjustments apply.  In addition,

15  in such an instance, the government will be free to charge, reinstate

16  and/or otherwise pursue any and all criminal charges which could have

17  been brought but for this plea agreement.  In either event, the

18  defendant will not be free to withdraw her guilty plea(s).

19          17.  The defendant understands the government's obligation

20  to provide all information in its file regarding each defendant to

21  the United States Probation Office and the Court.  Both parties agree

22  that they will neither move the Court nor request a finding from the

23  U.S. Department of Probation either directly or through their agents

24  or representatives for enhancements, reductions or adjustments beyond

25  those agreed to herein.

26          18.  Nothing in this agreement precludes either party from

PLEA AGREEMENT
(CR 95-0187-FMS)

11



1  submitting all information in their files to the U.S. Probation
2  Department or the Court.  Further, nothing in this agreement will
3  preclude either party from submitting information and argument to the
4  Court to correct any inaccuracy prior to the Court making findings
5  pursuant to Federal Rule of Criminal Procedure 32(c)(3)(D).

6      19.  The defendant also agrees to waive her constitutional
7  rights under the Double Jeopardy clause as to any prior or subsequent
8  forfeiture proceedings, civil, criminal or administrative, arising
9  out of the same offenses(s) charged in the indictment in this case.

10      20.  This agreement constitutes the entire agreement
11  between the United States Attorney for the Northern District of
12  California and the defendant, and no other additional terms or
13  agreements shall be entered except and unless those other terms or
14  agreements are in writing and signed by the parties.

15
16
17  DATED:                      Respectfully submitted,

18                              MICHAEL J. YAMAGUCHI
19                              United States Attorney

20
21                              BARBARA B. SILANO
                                Assistant U. S. Attorney
22                              Organized Crime Strike Force
                                Northern District of California
23
24
25
26

PLEA AGREEMENT
(CR 95-0187-FMS)                        12

## WAIVER OF DEFENDANT'S RIGHTS

1
2    I have consulted with my attorney and fully understand all
3    my rights with respect to the offenses charged in the pending
4    Indictment.  Further, I have consulted with my attorney and fully
5    understand my rights with respect to the provisions of the Sentencing
6    Guidelines.  I understand this agreement and I voluntarily agree to
7    it.

8        I have read each of the provisions of the entire plea
9    agreement with the assistance of counsel.  I have discussed the case
10   and my constitutional and other rights with my attorney.  I
11   understand that by entering my plea of guilty, I will be giving up my
12   right to plead not guilty; to trial by jury; to confront, cross-
13   examine, and compel the attendance of witnesses; to present evidence
14   in my defense; to remain silent and refuse to be a witness against
15   myself by asserting my privilege against self-incrimination; all with
16   the assistance of counsel, and to be presumed innocent until proven
17   guilty beyond a reasonable doubt.

18       I agree to enter my guilty plea as indicated above on the
19   terms and conditions set forth in this agreement.

20       I have been advised by my attorney of the nature of the
21   charge to which I am entering my guilty plea.  I have further been
22   advised by my attorney of the nature and range of the possible
23   sentence.

24       My guilty plea is not the result of force, threats,
25   assurances or promises other than the promises contained in this
26   agreement.  I agree to the provisions of this agreement as a

PLEA AGREEMENT
(CR 95-0187-FMS)

13

JUN-05-98 13:55  From:US A... OFF STRIKE FORCE            4154386753        T-428 P.15/19 Job-248


1  voluntary act on my part, rather than at the direction of or because

2  of the recommendation of any other person, and I agree to be bound

3  according to its provisions.  I fully understand that, if I am

4  granted probation by the Court, the terms and conditions of such

5  probation are subject to modification at any time during the

6  probation period.  I further understand that, if I violate any of the

7  conditions of my probation, my probation may be terminated, and I may

8  be required to serve a term of imprisonment or my sentence may

9  otherwise be altered in accordance with Title 18, United States Code,

10  Section 3565.

11       I agree that this written plea agreement contains all the

12  terms and conditions of my plea and that promises made by anyone

13  (including my attorney) that are not contained within this written

14  plea agreement are without force and effect and are null and void.

15       I am satisfied that my defense attorney has represented me

16  in a competent manner.

17       I am not now on or under the influence of any drug,

18  medication, liquor, or intoxicant or depressant, and I am fully

19  capable of understanding the terms and conditions of this plea

20  agreement.

21

22  DATED: _____, 1998        _____

23                                     Defendant

24

25

26

PLEA AGREEMENT
(CR 95-0187-TMS)

16

JUN-05-98 13:55   From:US ATTORNEYS OFF STRIKE FORCE        415436675        T-825 P.16/18 Job-248

## DEFENSE ATTORNEY APPROVAL

1     I am George Boisseau, Ana Biocini's attorney. I have fully
2 explained to her her rights with respect to the offenses charged in
3 the pending Indictment. Further, I have reviewed the provisions of
4 those Guidelines which may apply in this case. I have carefully
5 reviewed every part of this plea agreement with her. To my
6 knowledge, her decision to enter into this agreement is an informed
7 and voluntary one.

8     I have discussed this case and the plea agreement with my
9 client in detail and have advised the defendant of all matters within
10 the scope of Rule 11 of the Federal Rules of Criminal Procedure, the
11 constitutional and other rights of any accused, the factual basis for
12 and the nature of the offense to which the guilty plea will be
13 entered, possible defenses, and the consequences of the guilty plea.
14 No assurances, promises, or representations have been given to me or
15 to the defendant by the government or by any of its representative
16 which are not contained in this written agreement. I concur in the
17 entry of the plea as indicated above and on the terms and conditions
18 set forth in this agreement as in the best interests of my client. I
19 agree to make a bona fide effort to ensure that the guilty plea is
20 entered in accordance with all the requirements of Rule 11 of the
21 Federal Rules of Criminal Procedure.

22 DATED: _____        _____
                                    Attorney for Defendant

PLEA AGREEMENT
(CR 95-0187-FMS)                    15

# AR <u>496-501</u> have been deleted.

For AR <u>496-99</u> see AR 240-42
For AR <u>500-01</u> see AR 377-78

# EXHIBIT
# C-8

000502





FILED

MAY -5 1995

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEALED BY ORDER
OF COURT

1  MICHAEL J. YAMAGUCHI
   United States Attorney
2

3

4            UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7  UNITED STATES OF AMERICA        )  NO. CR-
                                   )
8            Plaintiff,            )  **CR95    0187**
                                   )
9       v.                         )  VIOLATIONS:
                                   )
10 ANA BEATRIZ BIOCINI,            )  Title 21, United States Code,
        aka ANA BEATRIZ JARAMILLO )  Section 846 -- CONSPIRACY TO
11      aka BEATRIZ JARAMILLO      )  DISTRIBUTE COCAINE; Title 21,
        aka ANA RACINES JARAMILLO  )  United States Code, Section
12      aka "TINA"                 )  841(a)(1) -- DISTRIBUTION OF
        aka "BETTY"                )  A CONTROLLED SUBSTANCE; Title 21
13      aka "BETTINA"              )  United States Code, Section
   CHRISTOPHER MICHNA, aka "Chris" )  846 -- CONSPIRACY TO DISTRIBUTE
14 KEITH KARPINSKI, aka "Quito"    )  MARIJUANA; Title 21 United
   ROBERT JOHNSON                  )  States Code, Section 846 --
15 ALLAN SPROUL                    )  CONSPIRACY TO DISTRIBUTE
   STEVEN THOMPSON                 )  MDMA [ECSTACY]; Title 18,
16 VINCENT BUCKLEY                 )  United States Code Section 2 --
   MICHAEL SIMPSON                 )  AIDING AND ABETTING
17 GEORGE HOWELL                   )
   DANNY LEONE                     )
18 TIM SHANNON                     )
   JAMES LAZOR                     )
19 STEPHEN SIEGAL                  )
   JOE TUCKER                      )
20 ZEBULON KARPINSKI, aka "Z",     )
        aka "Zebu"                 )
21 NORBERTO DUARTE, aka "Norbie"   )
        and                       )
22 DAVID STURDEVANT                )
                                   )
23           Defendants.           )
   _____)
24

25 COUNT ONE:    (21 U.S.C. § 846; 18 U.S.C. § 2)

26      The Grand Jury charges that:



1   From on or about a time unknown to the Grand Jury, and
2   continuing thereafter up to and including on or about May 5, 1995,
3   in the Counties of San Francisco, and Marin, and in the State and
4   Northern District of California and elsewhere,

        ANA BEATRIZ BIOCINI aka ANA BEATRIZ JARAMILLO
5       aka BEATRIZ JARAMILLO aka ANA RACINES JARAMILLO
6          aka "TINA" aka "BETTY" aka "BETTINA"
           CHRISTOHER MICERNA, aka "Chris"
7          KEITH KARPINSKI aka "Quito"
8             ROBERT JOHNSON
              ALLAN SPROUL
9             STEVEN THOMPSON
              VINCENT BUCKLEY
10            MICHAEL SIMPSON
              GEORGE HOWELL
11            DANNY LEONE
              TIM SHANNON
12            JAMES LAZOR
              STEPHEN SIEGAL
13            JOE TUCKER

14  defendants herein, willfully and knowingly did combine, conspire,
15  confederate and agree with each other and with Isidro Lopez, Jose
16  Souza, and with other persons, whose names are both known and
17  unknown to the Grand Jury, to commit offenses against the United
18  States in violation of Title 21 United States Code, Section
19  841(a)(1), namely to knowingly possess with intent to distribute
20  and to distribute and to aid and abet in the distribution of a
21  Schedule II narcotic drug controlled substance, listed in Title 21
22  United States Code, Sections 802 and 812, that is, cocaine.

A.  <u>Means and Methods</u>
23
24      The defendants and their co-conspirators accomplished and
25  attempted to accomplish the foregoing objects of the conspiracy, in
26  the Northern District of California and elsewhere, by means

2



1   including, but not limited to, the following:

2        1.  by purchasing and selling cocaine at a profit;

3        2.  by operating in cash;

4        3.   by using pagers and public telephones to facilitate
5   communication;

6        4.  by concealing drugs and implements of their distribution
7   from law enforcement authorities to perpetuate the existence of the
8   organization and avoid detection of its members.

9   B.  Overt Acts

10       In furtherance of the conspiracy, and to obtain the objectives
11  thereof, the co-conspirators committed the following overt acts in
12  the State and Northern District of California and elsewhere:

13       1.  On September 2, 1994 defendant CHRISTOPHER MICHNA  m e t
14  with defendant KEITH KARPINSKI.

15       2.  On September 2, 1994 defendant KEITH KARPINSKI met with
16  defendant ALLAN SPROUL.

17       3.   On September 2, 1994, defendant KEITH KARPINSKI sold
18  approximately one (1) kilogram of cocaine.

19       4.  On October 7, 1994 Jose Souza and Isidro Lopez met with
20  defendant KEITH KARPINSKI.

21       5.  On December 8, 1994 defendant KEITH KARPINSKI spoke to
22  Isidro Lopez concerning money paid and money owed.

23       6.  On December 8, 1994 defendant CHRISTOPHER MICHNA went to
24  the residence of defendant STEVEN SIEGAL.

25       7.  On December 8, 1994 defendant CHRISTOPHER MICHNA met with
26  defendant KEITH KARPINSKI.

3

000505



1    8. · On December 9, 1994 defendant KEITH KARPINSKI sold

2  approximately one (1) kilogram of cocaine.

3    9. On December 14, 1994 defendant CHRISTOPHER MICHNA met with

4  defendant JAMES LAZOR.

5    In violation of Title 21, United States Code, Sections

6  841(a)(1) and 846 and Title 18, United States Code, Section 2.

7  / / /

8  / / /

9  / / /

10 / / /

11 / / /

12 / / /

13 / / /

14 / / /

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

4

000506

1  COUNT TWO:      (21 U.S.C. § 841(a)(1))

2      The Grand Jury further charges that:

3      On or about September 2, 1994, in the State and Northern

4  District of California,

5              CHRISTOPHER MICHNA, aka "Chris"
              KEITH KARPINSKI, aka "Quito"
6                   ROBERT JOHNSON

7  defendants herein, knowingly and intentionally possessed with

8  intent to distribute more than 500 grams of cocaine, a Schedule II

9  narcotic drug controlled substance, listed in Title 21, United

10 States Code, Sections 802 and 812;

11     In violation of Title 21, United States Code, Section

12 841(a)(1).

13 / / /

14 / / /

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

5

000507



1    COUNT THREE:   (21 U.S.C. § 841(a)(1))

2         The Grand Jury further charges that:

3         On or about October 7, 1994, in the State and Northern

4    District of California,

5                   KEITH KARPINSKI, aka "Quito"

6    defendant herein, knowingly and intentionally possessed with intent

7    to distribute more than 500 grams of cocaine, a Schedule II

8    narcotic drug controlled substance, listed in Title 21, United

9    States Code, Sections 802 and 812;

10        In violation of Title 21, United States Code, Section

11   841(a)(1).

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

6

000508

 

1  <u>COUNT FOUR:</u>    (21 U.S.C. § 841(a)(1))

2      The Grand Jury further charges that:

3      On or about December 9, 1994, in the State and Northern

4  District of California,

5                    STEPHEN SIEGAL
                CHRISTOPHER MICHNA, aka "Chris"
6                 KEITH KARPINSKI, aka "Quito"

7  defendants herein, knowingly and intentionally possessed with

8  intent to distribute more than 500 grams of cocaine, a Schedule II

9  narcotic drug controlled substance, listed in Title 21, United

10 States Code, Sections 802 and 812;

11     In violation of Title 21, United States Code, Section

12 841(a)(1).

13 / / /

14 / / /

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

7

000509




1  COUNT FIVE:    (21 U.S.C. § 841(a)(1))

2      The Grand Jury further charges that:

3      On or about December 9, 1994, in the State and Northern

4  District of California,

5                          STEPHEN SIEGAL
                   CHRISTOPHER MICHNA, aka "Chris"
6                    KEITH KARPINSKI, aka "Quito"
                          ROBERT JOHNSON
7
8  defendants herein, knowingly and intentionally possessed with

9  intent to distribute more than 500 grams of cocaine, a Schedule II

10  narcotic drug controlled substance, listed in Title 21, United

    States Code, Sections 802 and 812;
11
12      In violation of Title 21, United States Code, Section

    841(a)(1).
13  / / /
14  / / /
15  / / /
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26

8

000510

COUNT SIX:      (21 U.S.C. § 841(a)(1))

The Grand Jury further charges that:

On or about December 16, 1994, in the State and Northern District of California,

**JAMES LAZOR**
**CHRISTOPHER MICHNA, aka "Chris"**

defendants herein, knowingly and intentionally possessed with intent to distribute more than 500 grams of cocaine, a Schedule II narcotic drug controlled substance, listed in Title 21, United States Code, Sections 802 and 812;

In violation of Title 21, United States Code, Section 841(a)(1).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

9

000511



1  COUNT SEVEN:  (21 U.S.C. § 846)

2       The Grand Jury further charges that:

3       From on or about a time unknown to the Grand Jury, and

4  continuing thereafter up to and including on or about May 5, 1995,

5  in the Counties of San Francisco and Marin, and in the State and

6  Northern District of California and elsewhere,

7              CHRISTOHER MICENA, aka "Chris"
               KEITH KARPINSKI, aka "Quito"
8              ALLAN SPROUL
         ZEBULON KARPINSKI, aka "Z", aka "Zebu"
9           NORBERTO DUARTE, aka "Norbie"
               DAVID STURDEVANT
10                 TIM SHANNON

11  defendants herein, willfully and knowingly did combine, conspire,

12  confederate and agree with each other and Isidro Lopez and with

13  other persons, whose names are both known and unknown to the Grand

14  Jury, to distribute marijuana, a Schedule I narcotic drug

15  controlled substance, listed in Title 21 United States Code,

16  Sections 802 and 812;

17      In violation of Title 21, United States Code, Sections

18  841(a)(1) and 846 and Title 18, United States Code, Section 2.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

10

000512



# EXHIBIT
# C-9

000513