1   JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
3   MELANIE L. PROCTOR (CSBN 228971)
    Melanie.Proctor@usdoj.gov
4   Assistant United States Attorney

5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
6       Telephone: (415) 436-6730
        FAX: (415) 436-7169
7
    Attorneys for Respondents
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11
    ANA BIOCINI,                        )      No. C 08-0885 SI
12                                      )
                          Petitioner,   )
13                                      )
              v.                        )
14                                      )
     MICHAEL MUKASEY, in his official   )      GOVERNMENT'S RETURN
15   capacity as Attorney General of the United )
     States; et al.,                    )
16                                      )
                          Respondents.  )
17   _____)

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

    GOVERNMENT'S RETURN
    C 08-0885 SI

## I.    INTRODUCTION

Petitioner Ana Biocini ("Petitioner"), a convicted cocaine dealer, asks the Court to enjoin Respondents from removing her from the United States, and to order her immediate release from immigration custody. The Court's review is confined to matters of detention.  Accordingly, the Court lacks jurisdiction to enjoin her removal, or to grant bond.  Moreover, Petitioner is subject to mandatory detention due to her federal conviction for drug dealing.  Her Petition should be denied.

## II.    FACTUAL BACKGROUND

On April 29, 2003, Petitioner pleaded guilty to violating 21 U.S.C. § 846, conspiracy to distribute cocaine.  Exh. 1.  The total amount of controlled substances involved in the conspiracy was approximately 71 kilograms of cocaine, 205 grams of cocaine, 23 pounds of marijuana, and 3,178 doses of ecstasy.  Habeas Petition, Exh. L, p. 226.  During the course of the investigation, agents determined that Petitioner was the primary source for the cocaine, and was also involved in the distribution of marijuana.  Id.  The record reflects that Petitioner agreed to cooperate only after all but one co-defendant pleaded guilty, three years after her arrest, and after a jury had been selected for her trial.  Id., Exh. L, p. 410-13.  Further, the record is abundantly clear that the Government did not promise Petitioner relief from deportation in exchange for her plea.  Id., p. 472 ("Immigration and deportation is certainly an issue.  And there were no promises as part of the plea agreement."(emphasis added)); Id., pp. 481-92 (plea agreement).

On January 11, 2005, an Immigration and Customs Enforcement ("ICE") agent encountered Petitioner pursuant to her incarceration at the Federal Correctional Institution ("FCI").  Exh. 2.  The ICE agent noted that she was serving a thirty month sentence, and that she was being processed for a Notice to Appear ("NTA").  Id.  The NTA was served on Petitioner on February 9, 2005.  Habeas Petition, Exh. L, pp. 399-404.  ICE alleged therein that Petitioner was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony.  Id., p. 401.

Petitioner's first immigration hearing was initially scheduled for July 18, 2005.  See Habeas Petition, Exh. L, p. 1443.  However, it was subsequently rescheduled for May 16, 2005.  Id., p. 1442.  On May 16, 2005, the immigration court set an individual hearing on Petitioner's case for September 19, 2005.  Id., p. 1444.  On August 10, 2005, Petitioner moved for a continuance of her

1  immigration hearing so her attorney could prepare her case. Exh. 3. The immigration court granted

2  the motion. Id. Petitioner requested a second continuance on October 12, 2005. See id., pp. 1460-

3  63. The immigration court granted this second continuance. Exh. 4. Petitioner's individual hearing

4  was held on December 19, 2005. Id., pp. 117-220. At that hearing, Petitioner conceded the

5  allegations in the NTA, and the IJ determined that Petitioner's crime constituted a particularly

6  serious crime under Matter of Y-L-, 23 I&N Dec. 270 (A.G. 2002). Id., p. 57.

7     Upon completion of her federal prison term, Petitioner entered ICE custody on

8  March 2, 2006. Exh. 5. On April 13, 2006, the immigration judge denied Petitioner's request for

9  relief from removal, finding that she had failed to prove eligibility for relief under the Convention

10  Against Torture. Habeas Petition, Exh. L, p. 96-102. Petitioner appealed the decision to the Board

11  of Immigration Appeals ("BIA"). Id., p. 50. On June 20, 2006, she requested a twenty-one day

12  extension of time to file her opening brief. Id., p. 45. On August 31, 2006, the BIA denied her

13  appeal. Id., pp. 2-3.

14     On September 11, 2006, Petitioner petitioned the Court of Appeals for the Ninth Circuit for

15  review of the BIA's decision, and moved to stay her removal. Exh. 6. On November 27, 2006, ICE

16  informed Petitioner of its decision to continue her detention, stating that her removal was delayed

17  solely through the stay of removal she had obtained from the Ninth Circuit, and that her removal was

18  likely because a travel document had been obtained. Exh. 7. On December 21, 2006, the

19  Government moved to dismiss Petitioner's appeal. Exh. 6, dated Dec. 21, 2006. Five days later,

20  Petitioner requested additional time to respond to the motion to dismiss. Id., dated Dec. 26, 2006.

21  On February 22, 2007, the appellate court denied the Government's motion to dismiss, without

22  prejudice to renewing the arguments in the Government's brief. Id.

23     On April 25, 2007, the immigration judge ("IJ") denied Petitioner's motion for bond

24  redetermination. Habeas Petition, Exh. B. On May 25, 2007, Petitioner sought a two week

25  extension to file her opening brief at the Ninth Circuit. Exh. 6. The appellate court granted her

26  motion. Id. On June 13, 2007, Petitioner filed her opening brief. Id. On June 28, 2007, the BIA

27  denied Petitioner's bond appeal, determining that because there was a final administrative order,

28  neither the BIA nor the immigration judge had authority to set bond. Habeas Petition, Exh. C.

On July 30, 2007, the Government requested an extension to file the answering brief. Id.. The appellate court granted the extension. Exh. 6. On September 21, 2007, Petitioner filed additional legal citations. Id. The case subsequently entered the appellate court's mediation program, and on January 29, 2008, the matter was remanded to the BIA. Id. The joint remand motion was based on a recent Ninth Circuit decision, and agreed that on remand, the BIA needed to determine whether Petitioner's conviction was a particularly serious crime under Matter of Frentescu, 18 I&N Dec. 244 (BIA 1992).[1] Exh. 8. On December 7, 2007, DHS determined that Petitioner's custody status should be continued. Exh. 9. On February 28, 2008, DHS notified Petitioner that her custody was to be continued pursuant to 8 U.S.C. § 1226. Exh. 10.

### III.   LEGAL BACKGROUND

A.    DETENTION PROVISIONS IN THE IMMIGRATION AND NATIONALITY ACT

The authority of ICE to detain an alien subject to removal[2] charges is found in 8 U.S.C. §§ 1226 and 1231.[3] Section 1226 pertains to detention when the alien is in a "pre-removal" order status, i.e., before a removal order becomes final. See Demore v. Kim, 538 U.S. 510 (2003). While an alien is in "pre-removal" order status, a decision by ICE as to whether an alien is entitled to bond may be appealed to an IJ, see 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d)(1), and then to the BIA. See 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1236.1(d)(3). Section 1231 pertains to detention when the alien is in a "post-order" removal status, i.e., after a removal order has become final. See Zadvydas v. Davis, 533 U.S. 678 (2001). Here, because Petitioner's removal order is not yet final, and

---

[1]Although this decision has been superceded by statute in part, on August 29, 2007, the Ninth Circuit decided Miguel-Miguel v. Gonzales, 500 F.3d 941 (9th Cir. 2007), which held that applying Matter of Y-L-, 23 I&N Dec. 270, to aliens who pleaded guilty to drug trafficking crimes prior to the date of that decision was impermissibly retroactive.

[2]Although the terms have changed in the intervening years, "any reference in law to an order of removal shall be deemed to include a reference to an order of exclusion and deportation or an order of deportation." Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, § 309(d)(2), 110 Stat. 3009.

[3]On March 1, 2003, the Department of Homeland Security assumed responsibility for immigration enforcement. 6 U.S.C. §§ 252, 255, 542. Accordingly, the discretion formerly vested in the Attorney General is now vested in the Secretary of Homeland Security. 6 U.S.C. § 551(d).

1  because she is an alien convicted of an aggravated felony, her detention is controlled by the

2  mandatory detention provision found at 8 U.S.C. § 1226(c)(1)(B).

3      In <u>Kim</u>, the United States Supreme Court examined the history behind the mandatory

4  detention provisions of 8 U.S.C. § 1226. <u>Kim</u>, 538 U.S. at 518-20. The Court found that "Congress

5  adopted this provision against a backdrop of wholesale failure by the INS to deal with increasing

6  rates of criminal activity by aliens." <u>Id.</u> at 518. In addition, "Congress [] had before it evidence that

7  one of the major causes of the INS' failure to remove deportable criminal aliens was the agency's

8  failure to detain those aliens during their deportation proceedings." <u>Id.</u> at 519. Indeed, the statistics

9  demonstrated that "[o]nce released, more than 20% of deportable criminal aliens failed to appear for

10  their removal hearings." <u>Id.</u> Thus, the Court held that "[d]etention during removal proceedings is

11  a constitutionally permissible part of that process." <u>Id.</u> at 531.

12      The application of <u>Kim</u> is not affected by the Ninth Circuit's recent decision in <u>Tijani v.</u>

13  <u>Willis</u>, 430 F.3d 1241 (9th Cir. 2005). In that mere three paragraph majority opinion, the appellate

14  court declined to set any precise limit on the Government's detention authority under 8 U.S.C.

15  § 1226(c) and <u>Kim</u>, but rather ruled that under the circumstances of his protracted proceedings,

16  Tijani's detention of two years and eight months required that he be granted a bond hearing before

17  an immigration judge. <u>Tijani</u>, 430 F.3d at 1242. Notably, in that case the Ninth Circuit

18  distinguished <u>Kim</u> because there, "the alien conceded deportability." <u>Id.</u> The appellate court

19  declined to immediately order Tijani's release; instead, the Ninth Circuit remanded the case to the

20  district court with instructions to grant the writ unless the Government provided Tijani with a

21  hearing before an immigration judge within sixty days of the appellate court's order. <u>Id.</u>

22      B.    SCOPE OF REVIEW

23      On May 11, 2005, the President signed into law the "Emergency Supplemental

24  Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No.

25  109-13, 119 Stat. 231. Division B of the Act consists of the "REAL ID Act." Section 106 of the

26  REAL ID Act amends a portion of 8 U.S.C. § 1252, and clarifies the scope of judicial review of

27  removal orders. Pursuant to section 106, a petition for review to the court of appeals is the exclusive

28  means of review of an administrative order of removal, deportation, or exclusion. REAL ID Act

§ 106(a).

The REAL ID Act allows habeas review only over challenges to detention that are independent of challenges to removal.  See H.R. Rep. No. 109-72 (2005), reprinted in 2005 U.S.C.C.A.N. 240, 300 (stating "section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders.") (emphasis added).  Accordingly, the Court's decision is confined to the issue of whether Petitioner's detention is lawful under Kim, 538 U.S. 510 and Tijani, 430 F.3d 1241.

///

///

## IV.     ANALYSIS

A.     PETITIONER'S DETENTION IS LAWFUL

1.     Petitioner Is Subject To Mandatory Detention Pursuant to 8 U.S.C. § 1226

Congress has mandated that the Secretary "shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)." 8 U.S.C. § 1226(c)(1)(B).  Petitioner was convicted of violating 21 U.S.C. § 846, conspiracy to distribute cocaine. Exh. 1.  Thus, not only is she subject to mandatory detention as an alien convicted of a drug-related offense, 8 U.S.C. § 1227(a)(2)(B)(i), but she is also subject to mandatory detention as an alien convicted of an aggravated felony.  8 U.S.C. § 1227(a)(2)(A)(iii); Habeas Petition, Exh. L, p. 50.

2.     Petitioner Is Likely To Be Removed

Petitioner's contention that her removal is unlikely is without merit.  Habeas Petition, p. 15. Her case was remanded to the BIA only for redetermination of whether her conviction constitutes a particularly serious crime.  Exh. 8.  Because her conviction is an aggravated felony, she will remain ineligible for asylum. Rendon v. Mukasey, – F.3d –, 2008 WL 399194, *3 (9th Cir. 2008). If the BIA determines that her conviction is not a "particularly serious crime," she may be eligible to apply for withholding of removal; however, that is a high standard to reach, and it seems unlikely

1    she will prevail.  Gui v. INS, 280 F.3d 1217, 1230 (9th Cir. 2002) (explaining that an alien is entitled

2    to withholding of removal only if she can demonstrate that it is more likely than not that she will be

3    persecuted on account of her race, religion, nationality, membership in a particular social group, or

4    political opinion); see, e.g., Arteaga v. Mukasey, 511 F.3d 940, 945-46 (9th Cir. 2007) ("We cannot

5    conclude that Congress, in offering refugee protection for individuals facing potential persecution

6    through social group status, intended to include violent street gangs who assault people and who

7    traffic in drugs and commit theft." (emphasis added)).  Furthermore, unlike Tijani and as in Kim,

8    Petitioner has conceded that she is removable.  Habeas Petition, Exh. L, p. 117.  Accordingly, it is

9    by no means certain that Petitioner will not be removed from the United States.  Indeed, her removal

10    seems as likely as ever.

11        Moreover, while referencing Zadvydas, the three Tijani opinions did not, as did Nadarajah

12    v. Gonzales, 443 F.3d 1069 (9th Cir. 2006), distill and apply the basic Zadvydas test to the

13    circumstance of an alien in active immigration proceedings.  Nadarajah held that under "the general

14    immigration statutes" detention could continue only "while removal remains reasonably

15    foreseeable" and that after a six month period of detention a court could consider release "'once the

16    alien provides good reason to believe that there is no significant likelihood of removal in the

17    reasonably foreseeable future." Nadarajah, 443 F.3d at 1078, quoting Zadvydas, 533 U.S. at 701.

18        In short, Nadarajah appears to have refined the Ninth Circuit's detention analysis and held

19    that it is not merely the length of time that an alien has been held, but the likelihood of removal in

20    the foreseeable future that must be considered in assessing a release request.  "By any analysis, a

21    five-year period of confinement of an alien who has not been charged with any crime, and who has

22    won relief at every administrative level, is unreasonable under the standard set forth by the Supreme

23    Court."  Nadarajah, 443 F.3d at 1081 (emphasis added).  Here, in stark contrast, Petitioner is a

24    convicted drug dealer who has not won relief from any administrative or judicial body.  As such, her

25    removal remains extremely likely.  Morgan v. Gonzales, 495 F.3d 1084, 1094 (9th Cir. 2007)

26    (holding that alien who cooperated in drug prosecution could be removed).

27                    3.    The Length of Petitioner's Detention Is Not Unreasonable

28        ICE has detained Petitioner for just over two years.  Exh. 5.  She argues that this constitutes

1    an unreasonable length, and speculates that her detention could be indefinite.  Habeas Petition, p. 16.

2    Contrary to Petitioner's assertion, the BIA is bound by regulation to decide her case within 90 days,

3    or 180 days if the case is assigned to a three-member panel.  8 C.F.R. § 1003.1(e)(8)(i).  Moreover,

4    because Petitioner is detained, her case will be given priority, 8 C.F.R. § 1003.1(e)(8), as

5    demonstrated by the speed with which the BIA issued its first decision.  Habeas Petition, Exh. L,

6    pp. 2-4.  There is no reason to believe that the same will not be true in this instance.

7        Furthermore, a review of the record reveals that Petitioner's proceedings have not come close

8    to reaching the length of the protracted proceedings at issue in <u>Tijani</u>. 430 F.3d at 1246 (Tashima,

9    concurring) (describing how the IJ took seven months to issue his decision, and the BIA took nearly

10   thirteen months to decide his appeal).  Here, Petitioner's immigration proceedings commenced prior

11   to her entry into immigration custody.  Habeas Petition, Exh. L, pp. 399-404.  The IJ issued the first

12   decision less than three months after her merits hearing, just twenty-one days after she entered

13   immigration custody.  <u>Id.</u>, Exh. L, p. 86.  He issued the amended decision three weeks after the first

14   decision.  <u>Id.</u>, Exh. L, p. 53.  The BIA issued its decision forty-three days after she filed her opening

15   brief.  <u>Id.</u>, Exh. L,  pp. 2, 4.  Despite the Government's effort to expeditiously resolve her case,

16   Petitioner requested two continuances at the immigration court. Exh. 3; Habeas Petition, Exh. L, pp.

17   1460-63.   In addition, during the course of the administrative and Ninth Circuit appellate

18   proceedings, Petitioner made three requests to extend the briefing schedules.  Habeas Petition, Exh.

19   L, p. 50; Exh. 6, dated Dec. 26, 2006 and May 25, 2007.

20       Courts have consistently held that litigation efforts that stymie removal efforts serve to toll

21   the permissible detention periods set forth under <u>Zadvydas</u>.  <u>Lawrence v. Gonzales</u>, 446 F.3d 221,

22   227 (1st Cir. 2006) (rejecting <u>Zadvydas</u> claim because alien's "continued detention here occurred

23   pursuant to his own procuring of stays incident to his legal challenges to the removal order . . . .");

24   <u>Grewal v. DHS</u>, 2005 WL 3008886 * 3 (E.D. Pa. Nov. 5, 2005) ("[T]he court must exclude the time

25   during which the DHS has been enjoined from effecting petitioner's removal."); <u>Thelemaque v.</u>

26   <u>Ashcroft</u>, 363 F. Supp. 2d 198, 219 (D. Conn. 2005) (noting that alien's "own actions in seeking

27   further judicial review of his . . . claims do not give him grounds to complain that his removal is not

28   reasonably possible within the meaning and intent of Zadvydas."); <u>Esogbue v. Ashcroft</u>, 2005 WL

767884 *5 (E.D. La. March 23, 2005) (noting that "the [removal] period does not run while the INS is prevented from effecting the removal . . . ."); <u>Abimbola v. Ridge</u>, 2005 WL 588769 *2-3 (D. Conn. Mar. 7, 2005) motion for reconsideration denied, 2005 WL 2663075 (October 15, 2005), aff'd, 2006 WL 1408375 (2d Cir. May 18, 2006) (noting that "but for . . . [alien's] seeking and/or receiving numerous judicial stays and filing his numerous petitions for reconsideration and appeals,...[alien] could have been speedily deported . . . ."). Here, Petitioner's repeated requests for continuances delayed her proceedings by nearly five months.[4] Exh. 3; Habeas Petition, Exh. L, pp. 50, 1460-63; Exh. 6, dated Dec. 26, 2006 and May 25, 2007.  This time should not be incurred against the Government.

### B.    THE COURT LACKS JURISDICTION TO CONSIDER PETITIONER'S REMAINING ARGUMENTS

#### 1.    Medical Claims Are Not Cognizable In Habeas Proceedings

Petitioner also claims that her health is at risk.  Habeas Petition, pp. 22-23.  Claims of inadequate medical care are not cognizable in habeas proceedings.  28 U.S.C. § 2241; <u>Olajide v. B.I.C.E.</u>, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005).  The United States Supreme Court has stated that

> [c]hallenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement . . . may be brought under [42 U.S.C.] § 1983.

<u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006) (citations omitted).  Accordingly, Petitioner's arguments regarding her health are irrelevant to the issues before the Court.[5]  <u>See Spina v. Aaron</u>, 821 F.2d 1126, 1128 (5th Cir. 1987) ("Congress has chosen habeas corpus as the appropriate avenue to challenge <u>the fact or duration</u> of a prisoner's confinement."(emphasis added)); <u>Tunstall v. Schwartz</u>, No. Civ. S-04-2658 DFL, 2006 WL 3300463, at *1 (E.D. Cal. Nov. 14, 2006) (stating that

---

[4]The Government also moved for an extension of time to file the answering brief due to reassignment of the case to a new attorney, and was granted 60 days to do so. Exh. 6. However, Petitioner filed additional citations just six days before the Government's answering brief was due under the extended deadline. Exh. 6, dated Sept. 21, 2007.

[5]For the same reason, Petitioner's apparent challenge to the location of her confinement is not properly before the Court. <u>See</u> Habeas Petition, p. 12.

1   claims concerning alleged denial of access to medical care are not cognizable in a federal habeas

2   corpus action) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)).

3                    2.    The Court Lacks Jurisdiction To Grant Bond

4           Contrary to Petitioner's contentions that the Court has jurisdiction to grant bond, Habeas

5   Petition, p. 23, the Court lacks jurisdiction to do so.  The cases she relies upon do not support her

6   argument that as an alien subject to mandatory detention, she may ask the district court to grant bail.

7   See Nadarajah, 443 F.3d at 1083 n.5 (discussing the applicability of the Federal Rules of Appellate

8   Procedure to an appeal from denial of a habeas petition); Mapp v. Reno, 241 F.3d 221,  228-29 (2d

9   Cir. 2001) (holding that where an alien was in post-order custody, the district court had power to

10  consider whether the petitioner was entitled to release on bail).  The detention statute at issue

11  contains a clear prohibition:

12          No court may set aside any action or decision by the Attorney General under this
            section regarding the detention or release of any alien or the grant, revocation, or
13          denial of bond or parole.

14  8 U.S.C. § 1226(e).  Even if the Court were to determine that a writ of habeas corpus should issue,

15  the Ninth Circuit has made it clear that any release would be "subject to terms and conditions to be

16  set by the appropriate delegate of the Attorney General," and not subject to terms set by the Court.

17  Nadarajah, 443 F.3d at 1084.

18                   3.    The State-Created Danger Doctrine Is Inapplicable In A Habeas Proceeding

19          Petitioner contends that her removal is unlikely under the "state created danger" doctrine,

20  and asks the Court to enjoin her removal.  Habeas Petition, pp. 15, 18.  Her argument is superfluous

21  because the stay of removal issued by the Ninth Circuit remains in place.  Exh. 6, Electronic Docket

22  entry dated Jan. 29, 2008.  Moreover, this argument clearly challenges her removal, a subject that

23  is beyond the Court's jurisdiction.  REAL ID Act, § 106(a); 8 U.S.C. § 1252(a)(5); see Ghotra v.

24  Chertoff, No. C-07-4428 MMC, 2007 WL 3232240, *1 (N.D. Cal. Oct. 31, 2007) (finding the

25  district court lacks jurisdiction to stay an order of removal); Diallo v. ICE, No. C07-125Z, 2007 WL

26  2874964, *2 (W.D. Wash. Sept. 28, 2007) (finding that district courts lack jurisdiction to hear any

27  claim arising from a decision of the Secretary to execute an order of removal).

28          The Ninth Circuit's decision in Morgan, 495 F.3d 1084, does not suggest otherwise.  There,

the appellate court stated that where a petitioner raises a colorable legal claim that cannot be asserted before the agency, the case might be transferred from the appellate court to a district court for an evidentiary hearing. <u>Morgan</u>, 495 F.3d at 1090. The appellate court did not suggest that the district court should assume jurisdiction over the issue in the first instance.[6]  <u>Id.</u>

## V.    CONCLUSION

For the foregoing reasons, Respondents respectfully request the Court to deny Petitioner's Petition for a Writ of Habeas Corpus.

Dated: March 21, 2008                                    Respectfully submitted,

                                                         JOSEPH P. RUSSONIELLO
                                                         United States Attorney


                                                         _____/s/_____
                                                         MELANIE L. PROCTOR
                                                         Assistant United States Attorney
                                                         Attorneys for Respondents

---

[6]Regardless, due to the extremely serious nature of the allegations Petitioner has raised against a federal prosecutor and federal agents, undersigned counsel wishes to note that a review of the record reveals the patent absurdity of Petitioner's contention that "the federal government created a dangerous situation for [her] that would not have existed without government involvement." Habeas Petition, p. 20. Simply put, the Government did not ask Petitioner to traffic in drugs; moreover, none of the facts described in <u>Wang v. Reno</u>, 81 F.3d 808 (9th Cir. 1996), are present in the instant case. <u>Id.</u> at 811-12 (describing the extreme mistreatment of Wang, as well as the fact that it appeared the United States prosecutors knew his confession in China had been coerced).

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELANIE L. PROCTR (CSBN 228971)
   Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
6     Telephone: (415) 436-6730
      FAX: (415) 436-7169
7
   Attorneys for Respondents
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12 ANA BIOCINI,                    )        No. C 08-0885 SI
                                    )
13                  Petitioner,     )
                                    )
14        v.                        )
                                    )
15  MICHAEL MUKASEY, in his official )       DECLARATION OF MELANIE
   capacity as Attorney General of the United )  PROCTOR
16 States; et al.,                  )
                                    )
17                  Respondents.    )
   _____)
18

19 I, Melanie Proctor, declare and state as follows:

20        1.      I am employed by the United States Attorney's Office, Northern District of

21 California, as an Assistant United States Attorney.  My current employment address is 450 Golden

22 Gate Avenue, Box 36055, San Francisco, California, 94102.  I am the attorney assigned to the

23 above-captioned matter.

24 ///

25 ///

26 ///

27 ///

28 ///

PROCTOR DECLARATION
No. C 08-0885 SI                    1

1       2.     I prepared the Government's Return on the basis of the pleadings filed in this case, as well as the administrative record ("A-file"). I reviewed the A-file at the Department of Homeland Security, Deportation and Removal Office, located at 630 Sansome Street, San Francisco, California, and obtained copies of the most recent custody decisions directly from the Supervisory Detention and Deportation Officer. The documents attached as Exhibits 1, 2, 3, 4, 5, 7, 9, and 10 are from the A-file.

       3.     Exhibit 6 is a true and correct copy of the docket from Petitioner's Ninth Circuit petition for review.

       4.     The Office of Immigration Litigation provided me with an electronic copy of the joint motion to remand Petitioner's petition for review to the Board of Immigration Appeals, attached hereto as Exhibit 8.

       A true copy of said documents accompanies the Government's Return in this case. Signed this 21st day of March, 2008, in San Francisco, California.

_____
/s/
MELANIE L. PROCTOR

PROCTOR DECLARATION
No. C 08-0885 SI        2

**INDEX OF EXHIBITS**

Judgment in Criminal Case 95-0187-01 CRB . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 1

Record of Deportable/Inadmissible Alien . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 2

Petitioner's Motion to Reschedule Hearing, Order Granting Motion . . . . . . . . . . . . . . Exhibit 3

Order Granting Motion to Reschedule Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 4

Notice of Custody Determination dated March 2, 2006 . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 5

General Docket Sheet for Court of Appeals Docket No. 06-74408 . . . . . . . . . . . . . . . Exhibit 6

Decision to Continue Detention dated November 27, 2006 . . . . . . . . . . . . . . . . . . . . . Exhibit 7

Joint Motion to Remand Petition for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 8

Decision to Continue Detention dated December 7, 2007 . . . . . . . . . . . . . . . . . . . . . . . Exhibit 9

Notice of Custody Determination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 10

Exhibit 1

AO 245B (Rev. 9/00) - Judgment in a Criminal C.

# United States District Court

## Northern District of California

# FILED

APR 2 9 2003

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ANA BEATRIZ BIOCINI | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:   CR-95-0187-01 CRB |

Robert Waggener
Defendant's Attorney

## THE DEFENDANT:

[x]   pleaded guilty to count(s): I of the Indictment .
[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §846 | Conspiracy to Distribute Cocaine | | I |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) ___.

[ ]   Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:   4184

Defendant's Date of Birth:   1954

Defendant's USM No.:   ~~90920-011~~
930610(1

Defendant's Residence Address:
100 N. Whisman Rd #3114
Mountain View, CA 94043

Defendant's Mailing Address:
100 N. Whisman Rd #3114
Mountain View, CA 94043

April 28, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable Charles R. Breyer, U. S. District Judge
Name & Title of Judicial Officer

April 29, 2003
Date

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California

By ~~BARBARA ESPINOZA~~
Deputy Clerk

Date   APR 3 0 2003

Exhibit 2

**U.S. Department of Justice**

Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

| Family Name (CAPS)          First          Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|
| BIOCINI, Ana Beatriz | | F | BRO | BLU | LGT |

| Country of Citizenship | Passport Number and Country of Issue | Height | Weight | Occupation |
|---|---|---|---|---|
| COLOMBIA | Case No: SFR0501001621 File Number A091 182 333 | 65 | 150 | |

| U.S. Address | Scars and Marks |
|---|---|
| IN I.C.E. CUSTODY  SAN FRANCISCO, CALIFORNIA 94111 | **See Narrative** |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number | ☐ Single |
|---|---|---|---|
| 02/11/1981, Unknown Time, MIA, NONIMMIGRANT VISITOR | | **773905RA6** | ☐ Divorced ☒ Married ☐ Widower ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| | **CAP 511.2.1** |

| Date of Birth          Age: 50 | Date of Action  01/28/2005 | Location Code  SFR/SFR | At/Near Dublin, California | Date/Hour  01/28/2005  0000 |
|---|---|---|---|---|

| City, Province (State) and Country of Birth | AR  ☒ | Form: (Type and No.) | Lifted ☐  Not Lifted ☐ | By |
|---|---|---|---|---|
| CALI,OTHER - FOR COUNTRIES OTHER THAN US, COLOMBIA | | | | **MARIO HUELGA** |

| NIV Issuing Post and NIV Number | Social Security Account Name  SAME, | Status at Entry  Non-Immigrant | Status When Found  IN INSTITUTION |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S.  **NOT APPLICABLE** |
|---|---|---|

| Immigration Record  POSITIVE - See Narrative | Criminal Record  None known | |
|---|---|---|

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) Nationality: UNITED STATES | Number and Nationality of Minor Children |
|---|---|
| BIOCINI, George  CALIFORNIA | **CLAIMS ONE (1) USC** |

| Father's Name, Nationality, and Address, if Known Nationality: COLOMBIA | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| JARAMILLO, Alberto  DECEASED | RAZINES, Stella  DECEASED |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? Yes ☐  No ☒ | INS Systems Checks  **See Narrative** | Charge Code Word(s) |
|---|---|---|---|

| Name and Address of (Last)/(Current) U.S. Employer | Type of Employment | Salary  Hr. | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

OTHER ALIASES KNOWN BY
JARAMILLO, ANA RACINES
JARAMILLO DE RIVERA, ANA

SCARS, MARKS AND TATTOOS
NONE VISIBLE/NONE INDICATED

MOTHER'S NATIONALITY
COLOMBIA

CHARGE CODE WORD(S)
R2A3
R2A3

Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by HUELGA

BOP#: 93061-011          EPRD: 03/02/2006

On January 11, 2005, Immigration and Customs Enforcement (ICE) encountered Subject
pursuant to her incarceration at the Federal Correctional Institution (FCI) Dublin,

# AGGRAVATED FELON

MARIO HUELGA
IMMIGRATION AGENT
(Signature and Title of INS Official)

Alien has been advised of communication privileges. _____ (Date/Initials)

| Distribution:  File  Statistics  Agent | Received: (Subject and Documents) (Report of Interview)  Officer: MARIO HUELGA |
|---|---|
| | on: January 28,  2005 at 1210 (time) |
| | Disposition: Warrant of Arrest/Notice to Appear |
| | Examining Officer: DOW CLARK III  Dow F Clark |

Department of Justice
Immigration and Naturalization Service

Continuation Page for Form    I-213

| Alien's Name | File Number<br>Case No: SFR0501001621<br>A091 182 333 | Date |
|---|---|---|
| BIOCINI, Ana Beatriz | | 01/28/2005 |

California.

Subject claims to be a 50 year-old divorced female, native and citizen of Colombia who entered the United States on or about February 11, 1981, at or near Miami, Florida, as a nonimmigrant visitor (B-2).
On May 1, 1989, Subject's status was adjusted to that of a lawful permanent resident pursuant to Section 245(A) of the Immigration and Nationality Act.
Subject claims to have one (1) USC child that is residing with his father in Mountain View, California.

On April 28, 2003, Subject was convicted in the United States District Court, Northern District of California (CR-95-0187-01 CRB) for the offense of CONSPIRACY TO DISTRIBUTE COCAINE, in violation of Title 21 United States Code, Section 846. Subject was subsequently sentenced to thirty (30) months incarceration.

Subject stated that her case and/or conviction were under appeal. A review of the United States District Court Records found that the Subject has NOT filed an appeal of her aggravated felony conviction(s).

Subject did express fear if returned to her country of origin/citizenship/nationality.

Subject claims no pending applications/petitions/ties/equities with the Service at this time.

Due to SUBJECT's AGGRAVATED FELONY conviction(s), she is being processed for a NOTICE TO APPEAR/WA.

| Signature | Title |
|---|---|
| MARIO HUELGA | IMMIGRATION AGENT |

Form I-831 Continuation Page (Rev. 6/12/92)

Exhibit 3

BEATRIZ BIOCINI # 9306    011
FEDERAL CORRECTIONAL ISNTITUTION
5701 8th ST CAMP PARKS
DUBLIN, CA. 94568



AS+M
PLE
[9/10]

UNTIED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

HONORABLE: JUDGE MURRY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Respondent | ) | |
| | ) | |
| v. | ) | |
| | ) | **ALIEN # 91182333** |
| ANA BEATRIZ BIOCINI | ) | MOTION TO RESCHEDULE THE INDIVIDUL |
| Petitioner | ) | HEARING SET UP FOR SEPTEMBER 19, 2005 |
| | ) | |

**COMES NOW PETITIONER ANA BEATRIZ BIOCINI REQUESTING** This Honorable Court for a continuence for the Individual hearing schedule on September 19, 2005.

Unfortunatelly a postponent of 3 more weeks will be necessary to have my Attorney from U.C Davis to completely investigate and prepare my case including schedule for interviews with me at the Federal Correctional Institution here at Dublin, Ca.

For this main reason I'am requesting this Honorable Court to **Grant** an extention and re-schedule the September 19, 2005 hearing for the next available opening court calendar for an individual hearing.

Dated This 10, Day of August, 2005

Respectfully Submitted

Ana B Biocini
ANA BEATRIZ BIOCINI
Federal Correctional Inst D.
5701 8th St Camp Parks
Dublin CA 94568

AUG 12

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
550 KEARNY ST., SUITE 800
SAN FRANCISCO, CA  94108

IN THE MATTER OF:

                              CASE NO. A91-182-333

*F-BIOCINI, ANA BEATRIZ

RESPONDENT

IN REMOVAL PROCEEDINGS

APPLICATION:  MOTION FOR CONTINUANCE

ON BEHALF OF RESPONDENT:             ON BEHALF OF THE SERVICE:
*F-BIOCINI, ANA BEATRIZ
FCI
DUBLIN, CA  94568

                                AGUILAR, JASON B.
                                Asst. District Counsel, USINS
                                550 Kearny Street, Suite 1000
                                San Francisco, CA  94108

ORDER OF THE IMMIGRATION JUDGE

The Immigration Judge has considered the motion for a continuance filed by

[ ✓ ] Respondent/Applicant      [ ] Immigration and Naturalization Service

for the hearing scheduled for Sep 19, 2005 and concludes that the
motion should be:

       [ ] GRANTED because the Service does not oppose the request.

       [ ✓ ] GRANTED because good cause has been established for the
           requested continuance.

       [ ] DENIED because no good cause has been established for the
           requested continuance.

       [ ] DENIED because _____

_____

[ ] IT IS ORDERED that the motion be, and it is hereby, denied.

[ ✓ ] IT IS ORDERED that the motion be, and is hereby granted.
    Notice of the new hearing date will be served in the appropriate manner.

DATE: _____8/25/05_____      _A/Murry_____    Place on
                                ANTHONY S. MURRY    October
                                Immigration Judge   D5  PhE Calendar
                                             for 1pm IC

MEI

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN FRANCISCO, CA


*F-BIOCINI, ANA BEATRIZ
C/O AGUILAR, JASON B.
550 KEARNY STREET, SUITE 1000
SAN FRANCISCO, CA  94108
INMATE NO: 93061-011


NOTICE OF HEARING IN REMOVAL PROCEEDINGS

DATE OF NOTICE:  Aug 25, 2005
FILE: A91-182-333

You are hereby notified that a hearing in this case is scheduled/rescheduled
before the Immigration Court on Oct 17, 2005 at  1:00 P.M. at

        5701 EIGHTH STREET  CAMP PARKS
        DUBLIN, CA  94568

You may be represented in this proceeding at no expense to the Government
by an attorney or other individual who is authorized and qualified to represent
persons before an Immigration Court.  If you wish to be represented, your
attorney or representative should appear with you at the scheduled hearing.

Except as otherwise ordered by an Immigration Judge, any motions (including
motions for continuances and motions to withdraw as counsel), applications, or
other correspondence concerning this case should be filed with the Immigration
Court at:
        550 KEARNY ST., SUITE 800
        SAN FRANCISCO, CA  94108

at least 10 days prior to the scheduled hearing.  Evidence of payment of
appropriate filing fees must be included.

ANYONE EXPECTING TO ENTER THE FACILITY IN ORDER TO APPEAR AT THE IMMIGRATION
HEARING IS SUBJECT TO CORRECTIONS DEPARTMENT POLICIES AND PROCEDURES REGARDING
ENTRY.  CONTACT THE SECURITY OFFICE AT THIS PRISON IN ADVANCE OF THE DAY OF THE
HEARING FOR FURTHER SPECIFIC INFORMATION ABOUT ENTRY GUIDELINES.

    FOR INFORMATION REGARDING THE STATUS OF YOUR CASE, CALL TOLL FREE
1-800-898-7180 OR 703-305-1662.

_____
                    CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)     PERSONAL SERVICE (P)
TO: [ ] ALIEN  [√] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [√] INS
DATE:  AUG 2 5 2005     BY:  COURT STAFF  _____
    Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
_____
                                                                    2Y

MEI

Exhibit 4

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
550 KEARNY ST., SUITE 800
SAN FRANCISCO, CA 94108

IN THE MATTER OF:

CASE NO. A91-182-333

*F-BIOCINI, ANA BEATRIZ

RESPONDENT

IN REMOVAL PROCEEDINGS

APPLICATION:   MOTION FOR CONTINUANCE

ON BEHALF OF RESPONDENT:                   ON BEHALF OF THE SERVICE:
CHRISTOPHER TODD
IMMIGRATION LAW CLINIC- UC DAVIS SCHOOL OF LAW
ONE SHIELDS AVENUE
DAVIS, CA 95616

                                 AGUILAR, JASON B.
                                 Asst. District Counsel, USINS
                                 550 Kearny Street, Suite 1000
                                 San Francisco, CA 94108

ORDER OF THE IMMIGRATION JUDGE

The Immigration Judge has considered the motion for a continuance filed by

[ ✓ ] Respondent/Applicant       [ ] Immigration and Naturalization Service

for the hearing scheduled for Oct 17, 2005 and concludes that the
motion should be:

    [ ✓ ] GRANTED because the Service does not oppose the request.

    [ ] GRANTED because good cause has been established for the
        requested continuance.

    [ ] DENIED because no good cause has been established for the
        requested continuance.

    [ ] DENIED because _____

_____

[ ] IT IS ORDERED that the motion be, and it is hereby, denied.

[ ✓ ] IT IS ORDERED that the motion be, and is hereby granted.
    Notice of the new hearing date will be served in the appropriate manner.

DATE:  10/14/05                    _____
                                   ANTHONY S. MURRY
                                   Immigration Judge            D5
MEI

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN FRANCISCO, CA


*F-BIOCINI, ANA BEATRIZ
C/O AGUILAR, JASON B.
550 KEARNY STREET, SUITE 1000
SAN FRANCISCO, CA  94108
INMATE NO:  93061-011


NOTICE OF HEARING IN REMOVAL PROCEEDINGS

DATE OF NOTICE:  Oct 17, 2005
FILE: A91-182-333

You are hereby notified that a hearing in this case is scheduled/rescheduled
before the Immigration Court on Dec 19, 2005 at  1:00 P.M. at

          5701 EIGHTH STREET  CAMP PARKS
          DUBLIN, CA  94568

You may be represented in this proceeding at no expense to the Government
by an attorney or other individual who is authorized and qualified to represent
persons before an Immigration Court.  If you wish to be represented, your
attorney or representative should appear with you at the scheduled hearing.

Except as otherwise ordered by an Immigration Judge, any motions (including
motions for continuances and motions to withdraw as counsel), applications, or
other correspondence concerning this case should be filed with the Immigration
Court at:
          550 KEARNY ST., SUITE 800
          SAN FRANCISCO, CA  94108          .

at least 10 days prior to the scheduled hearing.  Evidence of payment of
appropriate filing fees must be included.

ANYONE EXPECTING TO ENTER THE FACILITY IN ORDER TO APPEAR AT THE IMMIGRATION
HEARING IS SUBJECT TO CORRECTIONS DEPARTMENT POLICIES AND PROCEDURES REGARDING
ENTRY.  CONTACT THE SECURITY OFFICE AT THIS PRISON IN ADVANCE OF THE DAY OF THE
HEARING FOR FURTHER SPECIFIC INFORMATION ABOUT ENTRY GUIDELINES.

     FOR INFORMATION REGARDING THE STATUS OF YOUR CASE, CALL TOLL FREE
1-800-898-7180 OR 703-305-1662.

                    CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: ( MAIL (M)     PERSONAL SERVICE (P)
TO:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer   [ ] ALIEN's ATT/REP   [ ] INS
DATE: OCT 1 7 2005      BY:  COURT STAFF
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

                                                                 2Y
MEI

Exhibit 5

artment of Justice

ation and Naturalization Service

## Notice of Custody Determination

File No.: __A91 182 333__

Date: March 2, 2006

## BIOCINI, ANA BEATRIZ

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the Immigration Judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of this Service.

☐ released under bond in the amount of $

☐ released on your own recognizance.

☒ You may request a review of this determination by the Immigration Judge.

☐ You may not request a review of this determination by the Immigration Judge because the Immigration and Nationality Act prohibits your release from custody.

(Signature of authorized officer)

Craig Meyer

Supervisory Detention and Deportation Officer
(Title of authorized officer)

San Francisco, California
(INS office location)

☒ I do ☐ do not request a redetermination of this custody decision by the Immigration Judge.

☒ I acknowledge receipt of this notification.

_Ana Biocini_
(Signature of respondent)

_3-2-2006_
(Date)

---

### RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge    ☐ District Director    ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:

☐ No change - Original determination upheld.    ☐ Release - Order of Recognizance
☐ Detain in custody of this Service.    ☐ Release - Personal Recognizance
☐ Bond amount reset to    $_____.    ☐ Other: _____

_____
(Signature of officer)

Form I-286 (rev. 4-1-97) N



**U.S. Department of Homeland Security**
U.S. Immigration and Customs Enforcement

SFR DRO 50/10

*Office of the Field Director*                    630 Sansome Street, Room 590
                                                   *San Francisco, CA 94111*

March 2, 2006

TO:  **CLERK OF THE COURT**
     Office of Immigration Judge
     San Francisco, CA

**BIOCINI, ANA BEATRIZ (A91 182 333)**
RESPONDENT

Please set the above named subject for an immediate custody hearing. The subject's case is **To Be Set** at the FCI Dublin **EOIR**.

.

The respondent's current address is:  **IN ICE CUSTODY**

Master / Custody hearing date: _____

     per _____ on_____
              Court Clerk                    Date

              Mark A. Moser, Deportation Officer
              For Deportation Branch

Exhibit 6



Search for Case                                                    Help

Print Page

# General Docket
## US Court of Appeals for the Ninth Circuit

Court of Appeals Docket #: 06-74408                    Filed: 9/11/06
Nsuit:    0
Biocini, et al v. Mukasey
Appeal from: Immigration and Naturalization Service

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case type information:
    1) agency
    2) review
    3)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

    District: 0971-3 : A91-182-333
    Date Filed: 9/11/06
    Date order/judgment: **/**/**
    Date NOA filed: **/**/**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: paid

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
    None
Current cases:
    None

Docket as of January 29, 2008 11:22 pm              Page 1

_____


06-74408 Biocini, et al v. Mukasey

ANA BEATRIZ BIOCINI, aka Ana       Holly S. Cooper, Esq.
Racines Jaramillo, Ana             FAX 530/752-0822
Jaramillo de Rivera                530/754-4833
      Petitioner                   [COR LD NTC ret]
                                   LAW OFFICES OF HOLLY COOPER
                                   P.O. Box 4358
                                   Davis, CA 95617-4358


    v.

MICHAEL B. MUKASEY, Attorney       Ronald E. LeFevre, Chief
General                            Counsel
      Respondent                   [COR NTC gov]
                                   OFFICE OF THE DISTRICT COUNSEL
                                   Department of Homeland Security
                                   P.O. Box 26449
                                   San Francisco, CA 94126-6449

                              Edward J. Duffy, Attorney
                              FAX 202/616-4949
                              202/353-7728
                              [COR LD NTC gov]
                              John D. Williams, Esq.
                              FAX 202/307-0592
                              202/616-4854
                              [COR LD NTC gov]
                              DOJ - U.S. DEPARTMENT OF
                              JUSTICE
                              Civil Div./Office of
                              Immigration Lit.
                              P.O. Box 878, Benjamin Franklin
                              Station
                              Washington, DC 20044

Docket as of January 29, 2008 11:22 pm                Page 2

---

06-74408 Biocini, et al v. Mukasey

ANA BEATRIZ BIOCINI, aka Ana Racines Jaramillo, Ana
Jaramillo de Rivera

            Petitioner

   v.

MICHAEL B. MUKASEY, Attorney General

            Respondent

Docket as of January 29, 2008 11:22 pm                Page 3

---

06-74408 Biocini, et al v. Mukasey

9/11/06          FILED INS Petition for REV and Motion for Stay. Docketed
                 Cause and Entered Appearance of Counsel. Pursuant to G.O.
                 6.4(c)(1)(3) A TEMPORARY STAY OF REMOVAL IS IN EFFECT
                 pending further order. The schedule is set as follows:
                 Pursuant to G.O. 6.4(c)(1)(3), the schedule is set as
                 follows: Cert. Admin. Record due 11/6/06 Response to motion
                 for stay due 12/4/06 for Alberto R. Gonzales.  (MOATT)
                 [06-74408] (jd)

9/11/06          Filed Petitioner Ana Beatriz Biocini's motion to stay
                 deportation (see schedule above) [06-74408] served on
                 9/8/06 [5942711].  (MOATT) [06-74408] (jd)

9/11/06          Verified that Petitioner's counsel of record has been
                 admitted to practice in this court.  [06-74408] (jd)

9/11/06          Detained: Yes  [06-74408] (jd)

| 9/22/06 | Received notification of payment of docket fee ( date paid: 9/22/06) [06-74408] (wp) |
|---|---|
| 10/31/06 | Electronic Certified Administrative Record Filed.  CD-ROMS: 1  [06-74408] (rayc) |
| 11/6/06 | Received Respondent Alberto R. Gonzales  letter dated 10/30/06 re: the record has been filed  [06-74408] (wp) |
| 12/21/06 | Received (late) Respondent Alberto R. Gonzales's motion to dismiss; opps to motion for stay and request to hold briefing in abeyance; served on 12/18/06. (MOATT) [06-74408]  [06-74408] (dv) |
| 12/26/06 | Filed Petitioner Ana Beatriz Biocini's motion to extend time to file response to respondent's motion to dismiss and reply to opposition to motion for stay of removal. (MOATT) [06-74408] served on 12/22/06 [6049097] [06-74408] (wp) |
| 1/3/07 | Received Petitioner Ana Beatriz Biocini's addendum to petitioner's motion to extend time (MOATT) [6049097-1] ,served on 1/2/07 [06-74408] (wp) |
| 1/22/07 | Filed Petitioner Ana Beatriz Biocini's reply to respondent's opposition to motion for stay of removal. (MOATT) [6041214-1]   served on 1/19/07 [06-74408] (wp) |
| 1/22/07 | Filed Petitioner Ana Beatriz Biocini response to respondent's motion to dismiss (MOATT) [6041214-1] served on 1/19/07 [06-74408] (wp) |

Docket as of January 29, 2008 11:22 pm          Page 4

---

06-74408 Biocini, et al v. Mukasey

| 2/22/07 | Filed order MOATT (A. W. TASHIMA, Sidney R. THOMAS): Pet's motion for extension of time to file a response is granted. Resp's motion to dismiss for lack of juris is denied w/o prejudice to renewing the arguments in the answering brief. The record has been filed. The op brief is due 5/29/07, ans brief 7/28/07, reply brief is due 14 days after service. [06-74408] (ca) |
|---|---|
| 5/25/07 | 14 day oral extension by phone to file Petitioner's opening brief [06-74408]. Petitioners' brief due 6/12/07; respondents' brief due 8/13/07; the optional reply brief is due 14 days after service of the answering brief. (lb) |
| 6/13/07 | Filed original and 15 copies Petitioner Ana Beatriz Biocini opening brief ( Informal: no) 56 pages served on 6/12/07 [06-74408] (wp) |
| 7/30/07 | Rcvd notice of appearance of Edward Duffy  (Withdrew as counsel: attorney OIL for Alberto R. Gonzales  [06-74408] (wp) |

| | |
|---|---|
| 7/30/07 | Filed Alberto R. Gonzales motion to extend time to file respondent's brief (promo) [06-74408] served on 7/27/07 [6248076] (wp) |
| 8/2/07 | Filed order (Deputy Clerk: cag) Respondent's motion for an ext of time to file respondent's brief is granted. The respondent's brief is due 9/27/07. The reply brief is due 14 days after service of the answering brief. [06-74408] (wp) |
| 9/21/07 | Received Ana Beatriz Biocini additional citations, served on 9/19/07 (MERITS PANEL) [06-74408] (wp) |
| 9/25/07 | Received Respondent Alberto R. Gonzales letter dated 9/24/07 re: request for mediation. (CONFATT) [06-74408] (wp) |
| 9/28/07 | Filed order CONFATT (em) Case referred to Confatt for assessment conference only. Conference to be on 10/31/07 at 11:00. By telephone (y/n): yes. The briefing schd is vacated. [06-74408] (wp) |
| 10/26/07 | Filed order CONFATT ( RGA) At the request of csl for petitioner, the conference schd for 10/31/07 is reschd for assessment conference only on 11/8/07 at 11:00. By telephone (y/n): yes. [06-74408] (wp) |
| 11/13/07 | Filed order CONFATT (RGA) The court will initiate a further assessment conference by telephone on 12/4/07, at 10:30 a.m. PACIFIC (San Francisco) Time. [06-74408] (ec) |

Docket as of January 29, 2008 11:22 pm                    Page 5

---

06-74408 Biocini, et al v. Mukasey

| | |
|---|---|
| 12/6/07 | Filed order CONFATT ( RGA) A further pre-briefing conference will be held on 2/12/07 at 11:00 By telephone (y/n): yes [06-74408] (wp) |
| 1/22/08 | Filed joint motion to remand and stay the briefing schd. (CONFATT) [06-74408] Served on 1/18/08 [06-74408] (wp) |
| 1/29/08 | Order filed CONFAT (Dep. Clk. RGA) The further assessment conference previously scheduled for 2/12/08, is cancelled. The parties' joint motion to remand this matter to the Board of Immigration Appeals is granted. Based on further agreement of the parties, and pursuant to Appendix A(52) of the General Orders, the Court orders that petitioner's removal is stayed pending a Board decision in this matter. The certified copy of this order sent to the agency shall constitute the mandate. REMANDED. ( Procedurally Terminated Without Judicial Action; Remanded) [06-74408] (lin) |

Docket as of January 29, 2008 11:22 pm                    Page 6

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/12/2008 17:02:32 | | |
| PACER Login: | us3188 | Client Code: |
| Description: | dkt report | Case Number: | 06-74408 |
| Billable Pages: | 6 | Cost: | 0.48 |

Exhibit 7



**U.S. Department o Homeland Security**
immigration and Customs Enforcement

SFR DRO 50/10

*Office of the Field Director*

630 Sansome Street. Room 590
*San Francisco, CA 94111*

**BIOCINI, Ana Beatriz**
C/O Lerdo Facility
17635 Industrial Farm Road
Bakersfield, CA

A91 182 333

## Decision to Continue Detention
### Following File Review

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

> *(1) Your removal has been delayed solely through your filing of your Petition for Review with the US Court of Appeals for the Ninth Circuit, and the resulting automatic stay of removal.*
>
> *(2) Your removal is imminent since we have received a travel document from your Consulate*

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

*[signature]*

**Decision to Continue Detention Following File Review**
**Page 2**
**BIOCINI, Ana, (A91 182 333)**

Therefore, pursuant to the authority contained in Sections 236 and 241 of the Immigration and Nationality Act, and parts 236 and 241 of the Code of Federal Regulations. I have determined that you shall continue to be detained in the custody of this Agency pending further review.

Your custody case will remain with this unit. **This unit will conduct further review in one year or when the Ninth Circuit Court of Appeals has made a decision in your case.** You will be notified of this at the earliest possible convenience. It is in your best interest to maintain proper behavior while awaiting this review. If you have any questions please contact:

U.S. Department of Homeland Security
Immigration and Customs Enforcement
Attn: Custody Officer
630 Sansome St. 6th floor
San Francisco, CA 94111

_____          11/27/06
Nancy Alcantar / Field Office Director          Date

---

## PROOF OF SERVICE

(1)    **Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I    _TROY MILLER_ , _IEA_
                    Name of ICE Officer                    Title
certify that I served _BIOCINI, ANA_ with a
copy of

this document at _KERN CO. JAIL_ on _12-5-06_, at _0700_ .
                    Institution                    Date        Time

(b)    I certify that I served the custodian _____ ,
                                                    Name of Official

_____, at _____, on
        Title                    Institution

_____ with a copy of this document.
    Date

**OR**

(2)    **Service by certified mail, return receipt. (Attach copy of receipt)**

I _____, _____, certify
                Name of ICE Officer                    Title
that I served _____ and the custodian _____
                Name of detainee                    Name of Official
with a copy of this document by certified mail at _____ on __
                                                    Institution        Date

(X) CC: Attorney of Record or Designated Representative
(X) CC: A-File

(Final 10/18/99)

Exhibit 8

No. 06-74408

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

ANA BEATRIZ BIOCINI,
Petitioner,

v.

MICHAEL MUKASEY,
Attorney General of the United States,
Respondent.

_____

PETITION FOR REVIEW FROM THE
BOARD OF IMMIGRATION APPEALS
A91-182-333

_____

JOINT MOTION TO REMAND AND
TO STAY THE BRIEFING SCHEDULE

_____

Ana Beatriz Biocini ("Biocini") petitioned for judicial review of a final

removal order entered by the Board of Immigration Appeals.  The parties jointly

move to remand the petition to the Board for further review.

Biocini filed a timely petition from the Board's final removal order

asserting, in part, that the Board erred when it retroactively applied Matter of Y-L,

23 I & N. Dec. 270 (A.G. 2002), in holding that Biocini's 1998 drug trafficking

conviction was presumptively a particularly serious crime and thus and she was

ineligible for withholding of removal for committing a particularly serious crime.

On August 29, 2007, the Ninth Circuit decided <u>Miguel-Miguel v. Gonzales,</u> 500

F.3d 941 (9th cir. 2007), which held that applying <u>Matter of Y-L-</u> to aliens who

pleaded guilty to drug trafficking crimes prior to the date of that decision was

impermissibly retroactive . Thus, on remand the BIA must determine whether

Biocini's conviction is a particularly serious crime under the <u>Matter of Frentescu</u>

multi-factor balancing test.

Each party will bear its own fees and costs. The parties request that the

Court order a stay of removal until the Board issues a decision on remand.

//

//

//

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General
United States Department of Justice
Civil Division

ALISON MARIE IGOE
Senior Litigation Counsel
Office of Immigration Litigation


_____

HOLLY S. COOPER
U.C. Davis Immigration Law Clinic
One Shields Avenue, Bldg. TB-30
Davis, CA 95616
(530) 754-4833


Counsel for Petitioner

Dated:

_____

EDWARD J. DUFFY
Trial Attorney
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 353-7728


Counsel for Respondent

Exhibit 9

Office of Detention and Removal Operations
San Francisco, California

U.S. Department of Homeland Security
630 Sansome Street
San Francisco, CA 94111



U.S. Immigration
and Customs
Enforcement

**Ana Beatriz BIOCINI**
C/O In Agency custody

A91 182 333

### Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined
that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE)
at this time. This decision has been made based on a review of your file and/or your personal
interview and consideration of any information you submitted to ICE's reviewing officials.

Your removal has been delayed through your filing of a Petition for Review with the US Court of
Appeals for the Ninth Circuit, and the resulting automatic stay of removal.

Based on the above, you are to remain in ICE custody pending your removal from the United States.
You are advised that you must demonstrate that you are making reasonable efforts to comply with
the order of removal, and that you are cooperating with ICE's efforts to remove you by taking
whatever actions ICE requests to effect your removal. You are also advised that any willful failure
or refusal on your part to make timely application in good faith for travel or other documents
necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the
issuance of a travel document, may subject you to criminal prosecution under 8 USC Section
1253(a).

_____
Timothy Aitken, Acting Field Office Director

12/7/08
Date

Decision of Post Order Custody Review – Detain
Ana Beatriz BIOCINI
Page 2                                                          A91 182 333

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I ___ADAM TRUONG___ , ___IEA___
         Name of ICE Officer               Title
certify that I served ___ANA BEATRIZ BIOCINI___
                      Name of detainee               with a copy of
this document at ___WRDO PRETRIM___ on ___02/29/08___ , at ___0910___
               Institution                  Date          Time

(b)    I certify that I served the custodian ___ADAM TRUONG___
___IEA___ , at ___WRDO PRETRIM___ , on
          Name of Official
  Title                   Institution
___02/29/08___ with a copy of this document.
  Date

## OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____ , _____ , certify
          Name of ICE Officer                Title
that I served _____ and the custodian _____
          Name of detainee                Name of Official
with a copy of this document by certified mail at _____ on _____.
                               Institution        Date

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

Exhibit 10

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Custody Determination**

File No.:   A91 182 333
Date:   February 28, 2008

**Ana Beatriz BIOCINI**
(IN AGENCY CUSTODY)

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒  detained in the custody of this Service.

☐  released under bond in the amount of $

☐  released on your own recognizance.

☐  You may request a review of this determination by the Board of Immigration Appeals.

☒  You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

_____
(Signature of authorized officer)
**Yakov Grinberg**
**Supervisory Detention and Deportation Officer**
(Title of authorized officer)

_____
San Francisco, CA.
(INS office location)

☒ I do  ☐ do not request a re-determination of this custody decision by an immigration judge.

☒ I acknowledge receipt of this notification.

X _____
(Signature of respondent)

02/28/08
(Date)

---

### RESULT OF CUSTODY REDETERMINATION

On _____ , custody status/conditions for release were reconsidered by:

☐ Immigration Judge        ☐ District Director        ☐ Board of Immigration Appeals

The results of the re-determination/reconsideration are:
☐ No change - Original determination upheld.          ☐ Release – Order of Recognizance
☐ Detain in custody of this Service.                  ☐ Release – Personal Recognizance
☐ Bond amount reset to _____ $ _____ .              ☐ Other: _____

_____
(Signature of officer)

Form I-286 (rev. 4-1-97) N