JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-7169

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANA BIOCINI, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MICHAEL MUKASEY, in his official ) <br> capacity as Attorney General of the United ) <br> States; et al., ) <br> ) <br> Respondents. ) <br> ) | No. C 08-0885 SI <br><br> GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION <br><br> Date:  April 11, 2008 <br> Time:  9:00 a.m. <br> Court: 10 |

## I.  INTRODUCTION

Petitioner Ana Biocini ("Petitioner") asks the Court to issue an order "restraining her detention." Such an order would disturb the status quo, rather than preserve it, and effectively provide Petitioner with all the relief she seeks from the Court through the vehicle of habeas corpus. Petitioner's motion for a preliminary injunction should be denied.

## II.  LEGAL BACKGROUND

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No. 109-13, 119 Stat. 231. Division B of the Act consists of the "REAL ID Act." Section 106 of the REAL ID Act amends a portion of 8 U.S.C. § 1252, and clarifies the scope of judicial review of

1  removal orders. Pursuant to section 106, a petition for review to the court of appeals is the exclusive means of review of an administrative order of removal, deportation, or exclusion. REAL ID Act § 106(a).

The REAL ID Act allows habeas review only over challenges to detention that are independent of challenges to removal. See H.R. Rep. No. 109-72 (2005), reprinted in 2005 U.S.C.C.A.N. 240, 300 (stating "section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders.") (emphasis added). Accordingly, the Court's decision is confined to the issue of whether Petitioner's detention is lawful under Demore v. Kim, 538 U.S. 510 (2003) and Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005).

### III.    ANALYSIS

Courts have long recognized that it is improper to grant a preliminary injunction where doing so would provide the petitioner with the ultimate relief sought:

> The function of a preliminary injunction is to preserve, as best as is possible, the status quo pending a trial on the complaint which will determine if a permanent injunction should issue. It is improper to issue a preliminary injunction where such a grant would effectively provide all the relief sought in the complaint.

Heldman v. U.S. Lawn Tennis Ass'n, 354 F. Supp. 1241, 1249 (D.C.N.Y 1973) (emphasis added); see also Diversified Mortg. Investors v. U.S. Life Ins. Co. of New York, 544 F.2d 571, 576 (2d Cir. 1976) (holding that a preliminary injunction "should not grant relief properly awarded only in a final judgment."); Dunn v. Retail Clerks International Ass'n, 299 F.2d 873, 874 (6th Cir. 1962) ("We ought not to grant temporary relief which would finally dispose of the case on its merits."); Knapp v. Walden, 367 F. Supp. 385, 388 (S.D.N.Y. 1973) (finding that a preliminary injunction would improperly provide the plaintiff with all of the relief sought in the complaint). Here, granting Petitioner's motion would provide precisely the same relief she seeks in her Habeas Petition, and would actually disturb the status quo, rather than preserve it.

Although Petitioner also includes in her habeas petition a request for the Court to "enjoin her removal order," a request not present in the instant motion, the Court lacks jurisdiction to do so. REAL ID Act, § 106(a); 8 U.S.C. § 1252(a)(5); see Ghotra v. Chertoff, No. C-07-4428 MMC, 2007

WL 3232240, *1 (N.D. Cal. Oct. 31, 2007) (finding the district court lacks jurisdiction to stay an order of removal); Diallo v. ICE, No. C07-125Z, 2007 WL 2874964, *2 (W.D. Wash. Sept. 28, 2007) (finding that district courts lack jurisdiction to hear any claim arising from a decision of the Secretary to execute an order of removal).  Moreover, the Ninth Circuit stay of removal remains in place pending a decision by the Board of Immigration Appeals.  See Government's Return, Exh. 6, Electronic Docket, entry dated Jan. 29, 2008.  Accordingly, because Petitioner's Motion for a Preliminary Injunction effectively seeks all the relief that is available to her through the vehicle of habeas corpus, her motion should be denied.  Knapp, 367 F. Supp. at 388.

In the interest of judicial economy, Respondents will not restate the entirety of their return in this Opposition.  However, for the reasons set forth in the Government's Return, Respondents also argue that Petitioner's motion should be denied because she is unlikely to prevail upon the merits of her claim.  See Government's Return, Electronic Docket No. 15.

### IV.   CONCLUSION

For the foregoing reasons, Respondents respectfully request the Court to deny Petitioner's Motion for a Preliminary Injunction.

Dated: March 21, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

          /s/
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Respondents